## In the Matter of PIED PIPER CASUALS, INC., Debtor.

## Robert M. FISHER, as Trustee of Pied Piper Casuals, Inc., Plaintiff/Respondent,

### v.

## The INSURANCE COMPANY OF the STATE OF PENNSYLVANIA, Defendant/Appellant.

### No. 86 Civ. 0121 (RO).

United States District Court, S.D. New York.

Aug. 21, 1986.

Otterbourg, Steindler, Houston & Rosen, P.C., New York City, for plaintiff/respondent; Richard J. Rubin, of counsel.

Speyer, Thurm, Perlberg & Heller, New York City, for defendant/appellant; Dennis Perlberg, of counsel.

OWEN, District Judge.

Plaintiff-respondent, Pied Piper Casuals, Inc. ("Piper"), a manufacturer of ladies garments, filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code on February 29, 1984. The matter subsequently became a Chapter 7 proceeding and Robert Fisher was named trustee.

Before filing the petition, Piper became aware of inventory losses due to thefts that dated back to April 1982. A claim for these alleged losses was made against its insurance company, appellant The Insurance Company of the State of Pennsylvania ("ICSP"). ICSP has refused to pay the claim on a number of grounds including absence of coverage and no proof of loss statement as required. Trustee Fisher commenced an action in Bankruptcy Court for the amount claimed denominating it a so-called "turnover proceeding," as provided under the Bankruptcy Code, on the grounds that the proceeding related to property of the debtor and arose in or was related to a case under Title 11 of the United States Code.

Under the Bankruptcy Code, certain actions known as "core proceedings" are referred to the Bankruptcy Court for determination. *See* 28 U.S.C. § 157(b). Other actions, known as "related proceedings," may be referred to the Bankruptcy Court for initial determination but only as a spe-

cial master of the District Court, *See* 28 U.S.C. § 157(c). There, the Bankruptcy Court submits proposed findings of fact and conclusions of law to the district court, which will review *de novo* those to which there is objection. The question thus raised here is whether the Bankruptcy Court was correct in permitting the trustee to maintain his action as a "core proceeding." The Bankruptcy Court, 50 B.R. 549, held that an action on an insurance policy is in the nature of a collection action for proceeds strongly resembling a turnover proceeding and therefore is a "core" proceeding within the meaning of the statute. Accordingly, it ruled that Bankruptcy Court jurisdiction to determine the action was proper. ICSP appeals.

Core proceedings are essentially matters concerning administration of the estate, proceedings to determine or avoid preferences, objections to discharges, and orders to turn over property of the estate. A turnover proceeding is an action to compel a party to turn over property of the estate to the trustee, 11 U.S.C. § 542(a), or a debt to the estate that is matured and payable on demand, 11 U.S.C. § 542(b). However, a duty to pay—indeed coverage—under the instant policy is sharply contested, the contrary of a *recognition* of any duty to pay, *see In Re Mills*, 37 B.R. 832, 833 (Bankr.E. D.Tenn.1984), and far from a mature obligation payable on demand.

This being so, I conclude that the Bankruptcy Court's exercise of core proceeding jurisdiction here pursuant to 28 U.S.C. § 157(b) is erroneous, and remand to the Bankruptcy Court to proceed hereafter with this cause of action as a related proceeding under 28 U.S.C. § 157(c)(1).