**In re BLUE POINT CARPET, INC., Debtor.**

**Robert L. PRYOR, as Trustee, Plaintiff,**

v.

**The CONTINENTAL INSURANCE CO., Defendant.**

Bankruptcy No. 086–60153–21.

Adv. No. 087–0099–21.

United States Bankruptcy Court,
E.D. New York.

May 2, 1988.

See also, Bkrtcy., 86 B.R. 329.

Abraham, Silver & Rosenberg, New York City by Jacob Abraham, for Trustee.

Whitman & Ransom, Esqs., New York City by Norman N. Kinel, for Continental Insurance Co.

**OPINION**

CECELIA H. GOETZ, Bankruptcy Judge:

In this adversary proceeding brought by the Chapter 7 Trustee against the insurer of the debtor corporation, the defendant, Continental Insurance Company ("Continental" or "defendant") has moved for a determination that the adversary proceeding is non-core. The core/non-core distinction is the product of 28 U.S.C. § 157 enacted in response to the Supreme Court holding in *Northern Pipeline Construction Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) that traditional state law claims may not be decided by non-Article III judges.

Section 157 defines core proceedings and provides that the bankruptcy judge shall determine *sua sponte*, or upon timely motion of a party, whether a proceeding is a core proceeding or a non-core proceeding. *See* 28 U.S.C. § 157(b)(3). Core proceedings are limited to proceedings "arising under title 11" or "arising in a case under title 11" and do not include proceedings "related to a case under title 11." *Compare* 28 U.S.C. § 157(b)(1) (providing that bankruptcy judges may hear and determine "all core proceedings arising under title 11, or arising in a case under title 11") *with* 28 U.S.C. § 157(b)(3) (providing that a bankruptcy judge shall determine whether a proceeding is a core proceeding or a related proceeding) *and* 28 U.S.C. § 157(c)(1) (providing that a bankruptcy judge may hear, but not issue a final order, in any related proceeding).

The statute describes a non-exclusive list of 15 different core proceedings. Among the types of proceedings included as core proceedings are "orders to turnover property of the estate." 28 U.S.C. § 157(b)(2)(E).

In this adversary proceeding, the debtor claims that it entered into an insurance contract with Continental sometime prior to filing its bankruptcy petition. The debtor further alleges it was insured for property loss and related interruption of its business. During September 1985, the debtor suffered losses due to a hurricane. It was reimbursed $125,000 by Continental for the damage to its property. Continental did not reimburse the debtor for the loss from the interruption of its business. The debtor alleges, however, that Continental offered it $34,000 in settlement of its business interruption claim which Continental denies. In any event, the debtor claims it rejected the offer as insufficient.

The debtor filed a bankruptcy petition under Chapter 7 on March 7, 1986. The trustee brought this adversary proceeding against Continental during December 1987 seeking recovery on the theory that Continental breached its contract of insurance by not paying the losses due to interruption of the debtor's business.

Continental contends that the debtor's cause of action is a state law breach of contract claim that cannot be decided absent consent by a non-Article III judge without violating the Constitution. *See Northern Pipeline Construction Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). It further contends that the cause of action is non-core in view of its similarity to *Northern Pipeline.* The Court agrees.

An action for breach of contract is not a core proceeding. Where there is present a bona fide dispute as to liability, it cannot be viewed as a turnover proceeding covered by 28 U.S.C. § 157(b)(2)(E) or a core proceeding under any other subsection of 28 U.S.C. § 157(b)(2).

*Acolyte Electric Corporation v. City of New York,* 69 B.R. 155, 172 (Bankr. E.D.N.Y.1986), *aff'd,* No. 86–0329 (E.D. N.Y. March 27, 1987); *In re Pied*

*Piper Casuals, Inc.,* 65 B.R. 780, 781 (S.D. N.Y.1986) (an action for breach of an insurance contract by a Chapter 7 is a non-core proceeding). It does not come within the catchall provisions of subsections (A) and (O) of § 157(b)(2)[1] because "[t]o be a core proceeding, an action must have at its foundation the creation, recognition, or adjudication of rights which would not exist independent of a bankruptcy environment although of necessity there may be a peripheral state law involvement." *Acolyte,* 69 B.R. at 173. Moreover, even in the more difficult case where a breach of contract action is necessary to fund a reorganization, treatment of the matter as a core proceeding is still unjustified since otherwise *"Marathon* itself would constitute a core proceeding and the Bankruptcy Amendments and Federal Judgeship Act of 1984 ('BAFJA') would be as unconstitutional as was the predecessor statute that it sought to remedy." *Id.* at 172.

The trustee's contention that this case is distinguishable because Continental's offer to settle the business interruption claim is an admission as to liability which together with the property damage settlement create a mature obligation "payable on demand" pursuant to 11 U.S.C. § 542(b) and 28 U.S.C. § 157(b)(2)(E) borders on frivolous. Under the Federal Rules of Evidence, a settlement offer is inadmissible to prove liability. Fed.R.Evid. 408. Similarly, payment of the property damage claim is not an admission as to liability on the separate and distinct business interruption claim.

The trustee also contends that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). This argument is likewise without merit. Section 157(b)(2)(B) applies to proceedings concerning the "allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for

---

1. 28 U.S.C. § 157(b)(2) provides, in pertinent part:

  (2) Core proceedings include, but are not limited to—

    (A) matters concerning the administration of the estate;

\*   \*   \*   \*   \*   \*

  (O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims.

the purposes of confirming a plan under Chapter 11, 12 or 13 of title 11." 11 U.S.C. § 157(b)(2)(B). It has no application to a claim made by the estate against a third party.

An Order consistent with this Opinion is being issued contemporaneously.