The **DREXEL BURNHAM LAMBERT GROUP, INC.** and **Drexel Burnham Lambert Incorporated, as debtors-in-possession, Plaintiffs,**

v.

**VIGILANT INSURANCE COMPANY, et al., Defendants.**

No. 90 Civ. 6565 (DNE).

United States District Court, S.D. New York.

Aug. 5, 1991.

Rosenman & Colin, New York City, Peter F. Nadel, Alan I. Raylesberg, Barry Michael Okun, for plaintiff.

D'Amato & Lynch, New York City, Alfred A. D'Agostino, Jr., Jerome Murray, Gregory Bitterman, of counsel, for defendants Nat. Fire Ins. Co. of Pittsburgh, Pa., Reliance Ins. Co. and Reliance Ins. Co. of New York.

Bingham, Englar, Jones & Houston, New York City, Alfred J. Morgan, Jr., Jeffrey M. Winn, of counsel for the Burnhope defendants.

Sedgwick, Detert, Moran & Arnold, New York City, Robert B. Budelman, Jr., Kevin M. Mattessich, of counsel for defendants Vigilant Ins. Co., Federal Ins. Co., Chubb and Son, Inc., and McAteer & Fitzgerald, Inc.

Gottesman, Wolgel, Smith & Secunda, New York City, Harold H. Wolgel, for defendant The Home Ins. Co.

## MEMORANDUM & ORDER

EDELSTEIN, District Judge:

Plaintiffs The Drexel Burnham Lambert Group Inc. ("DBL Group") and Drexel Burnham Lambert Incorporated ("DBL Inc.") (collectively "Drexel") have moved to remand this action to the New York State Supreme Court for New York County. For the reasons stated below, plaintiffs' motion is granted.

## I. BACKGROUND

Drexel has pleaded guilty to criminal charges, entered into a consent decree with the Securities and Exchange Commission, and has had numerous claims and lawsuits filed against it based on charges of employee misconduct. DBL Group, DBL Inc., and seventeen of their affiliates have cases pursuant to Chapter 11 of the Bankruptcy Code pending in the Bankruptcy Court for the Southern District of New York. These Chapter 11 cases have been consolidated for procedural purposes under case number 90 B 10421 before Bankruptcy Judge Conrad. In *In re The Drexel Burnham Lambert Group., et al.*, No. 90 Civ. 6954 (MP), Chapter 11 Case No. 90 B 10421 (FGC), Judge Milton Pollack entered an order on February 19, 1991, which withdraws the reference of the Drexel Bankruptcy case to the Bankruptcy Court, "re-refers" the core portions of the Drexel Bankruptcy case to Bankruptcy Judge Conrad, and orders that the non-referred portions of the Drexel Bankruptcy case now be administered jointly by Judge Pollack and Bankruptcy Judge Conrad.

This action is a state-law declaratory judgment action and breach of contract suit commenced by Drexel in the New York State Supreme Court against forty defendant insurance companies who provided Drexel with insurance coverage under various "fidelity bond" insurance policies during the years 1986 to the present. Plaintiffs seek a declaration of its rights under those policies, together with not less than $140,000,000 in damages based on defendants' refusal to pay certain claims under those bonds. This action was removed by three of the forty defendants, National Union Fire Insurance Company of Pittsburgh, Pa., Reliance Insurance Company, and Reliance Insurance Company of New York (collectively the "removing defendants").

## II. DISCUSSION

The removing defendant's argue that this action "arises in or is related to" Drexel's Chapter 11 cases now pending in the Bankruptcy Court, and therefore that the instant action is within the Federal Court's original jurisdiction pursuant to 28 U.S.C. § 1452(a). Drexel has moved to remand this action on "equitable grounds" pursuant to § 1452(b). The removing defendants and an additional defendant, Home Insurance Company, oppose Drexel's motion to remand this action to State Court. Defendant James Burnhope and others (the "Burnhope defendants")[1] support Drexel's motion to remand. Defendants Vigilant In-

---

1. The twenty-four Burnhope defendants are listed in Exhibit "A" to the Affidavit of Alfred J. Morgan, Jr., Esq., sworn to on November 19, 1990, and include underwriters at Lloyd's and others subscribing to Lloyd's policies.

surance Company, Federal Insurance Company, Chubb & Son, Inc., Pacific Indemnity Company, and McAteer & Fitzgerald, Inc. (collectively, the "Vigilant defendants"), expressly do not oppose remand. Other defendants have not taken a position on the instant motion.

## A. *Removal*

■ Defendants base their removal of this action on 28 U.S.C. § 1452(a), the "bankruptcy removal" provision. Section 1452(a) provides:

> A party may remove any claim or cause of action in a civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a). The jurisdictional basis for bankruptcy removal pursuant to § 1452(a) is provided in 28 U.S.C. § 1334(b). Section 1334(b) provides for federal jurisdiction over proceedings "arising under title 11 or arising in or related to a case under title 11."

Section 1334(b) therefore provides for federal jurisdiction of three different types of proceedings: those that "arise under" title 11, those "arising in" a case under title 11, and those "related to" a case under title 11. Actions that "arise under" title 11 involve claims "predicated on a right created by a provision of title 11." *World Travel Vacation Brokers, Inc. v. The Bowery Savings Bank (In re Chargit Inc.)*, 81 B.R. 243, 247 (Bankr.S.D.N.Y.1987). "'Arising in' proceedings are those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." *Id.* (citation omitted). An action is "related to" a case under title 11 if "'the outcome of [the action] could *conceivably* have any effect on the estate being administered in bankruptcy.'" *Id.* (citation omitted) (emphasis in original).

This action does not "arise under" title 11. This action also does not "arise in" a case under title 11. This action consists of Drexel's insurance coverage claims against the defendants and is not dependent for its existence on Drexel's Chapter 11 cases, and can exist outside of those cases. This action is, however, "related to" a case under title 11 for purposes of § 1334(b). The outcome of this action could conceivably have an effect on the Drexel's bankruptcy estate because the claims in this action constitute potential assets of the estate.

## B. *Remand*

■ While § 1452(a) provides the grounds for the removal of claims or causes of action arising under, arising in, or related to bankruptcy cases, § 1452(b) provides: "The court to which such a claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). Courts consider a number of factors in deciding whether to remand under this section. These factors include: (1) the effect on the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of the applicable state law; (4) comity; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the existence of the right to a jury trial; and (7) prejudice to the involuntarily removed defendants. *See In re Republic Readers Service, Inc.*, 81 B.R. 422, 429 (Bankr. S.D.Tex.1987); *Browning v. Navarro*, 743 F.2d 1069, 1076 n. 21 (5th Cir.1984); *In re Wild Oaks Utilities, Inc.*, 18 B.R. 959, 963 (Bankr.S.D.N.Y.1982).

■ The removing defendants' primary argument is that this action is truly based on federal law. Although this action involves only state law claims, the removing defendants argue that the coverage Drexel seeks from defendants depends on federal actions against Drexel and former employees of Drexel involving violations of federal securities law. In addition, the removing defendants make a number of arguments for why the efficient administration of the estate militate against an equitable remand.

■ While this action is sufficiently related to Drexel's bankruptcy cases for jur-

isdictional purposes under § 1334(b), it is not sufficiently related to warrant retention of federal jurisdiction over the state law claims it presents. The removing defendants are not creditors of Drexel's estate or parties otherwise involved in the bankruptcy proceeding. The only relation of this action to Drexel's bankruptcy cases is that the claims asserted herein are potential assets of the estate. Because every claim of a debtor in possession is an asset of the estate, this is not sufficient to warrant the retention of federal jurisdiction over these claims. *See Borne v. New Orleans Health Care, Inc.*, 116 B.R. 487, 495 (E.D.La.1990) (remanding debtor's state-law action removed by defendant because, "[a]s an action by a debtor seeking to recover damages under state law for prepetition injuries, this action does not invoke any particular right under title 11 and can certainly exist outside the context of the bankruptcy"). Indeed, the removing defendants essentially concede that there is no significant relationship between this action and the Drexel's bankruptcy actions and instead opposes remand on the ground that this action is related to the federal securities actions. Such a "relationship" would not have been a ground for removal and does not provide a basis for the retention of federal jurisdiction.

The pending federal securities law actions have been brought by creditors against Drexel. In the instant action, Drexel, the debtor, has brought state law claims in State Court against its insurers. While portions of Drexel's claimed losses may have a relationship to federal securities law actions, the instant action involves Drexel's state law claims for a declaratory judgment regarding its rights under the policies at issue and for money damages for defendants' breach of their contractual obligations under these policies.

By this action Drexel seeks a declaration of the parties' contractual rights under the insurance policies at issue, including a judgment that Drexel is not required to prove its loss or sue at this time in order to preserve its rights to indemnification. The determination of this state law issue has nothing to do with issues of federal securi-

ties law. As far as Drexel's breach of contract claim for money damages is concerned, the determination of whether there should be a monetary recovery by reason of insurance coverage losses arising out of now pending federal securities actions is both premature and in any event a state-law issue most appropriately decided by the State Court.

In certain instances there may be compelling reasons for the bankruptcy court to hear state law claims as part of a bankruptcy proceeding, including claims brought against the debtor which must be liquidated so that the interests of the estate's creditors can be determined. However, such reasons do not exist here, where the debtor has brought claims against creditors who have no interest in the bankruptcy proceeding. This "is a state law action and a state court is 'better able to respond' to a suit involving state law." *Midlantic Nat'l Bank/Citizens v. Comtek Electronics, Inc. (In re Comtek Electronics, Inc.)*, 23 B.R. 449, 451 (Bankr.S.D.N.Y.1982).

Despite the removing defendants' claims that the efficient administration of justice would be aided by this Court's retention of this action, Drexel is the debtor in the bankruptcy cases and chose State Court as the forum to best advance the interests of the estate. In fact, retention of federal jurisdiction could detract from the efficient administration of the estate and impose an unnecessary burden on the Bankruptcy Court by requiring the bankruptcy court to expend time and resources on the state law action that could otherwise be spent administering to the estate. *See Allen County Bank Trust Co. v. Valvmatic Int'l, Inc.*, 51 B.R. 578, 582 (D.Ind.1985); *In re Wild Oates Utilities, Inc.*, 18 B.R. 959, 964 (Bankr.S.D.N.Y.1982).

■ The Burnhope and Vigilant defendants have served demands for a jury trial, and the Burnhope defendants have stated that they will not consent to the Bankruptcy Court's entry of a final judgment pursuant to 28 U.S.C. § 157(c)(2). This is a "non-

core" proceeding.[2] Demands for jury trials in non-core proceedings have been considered a sufficient ground for an equitable remand. *See Zweygart v. Colorado Nat'l Bank,* 52 B.R. 229, 234–35 (Bankr.D.Colo. 1985). The removing defendants contention that difficulties inherent in proceeding with a removed action in bankruptcy court could be ameliorated by having the case heard in the district court does not resolve the problem that retention of jurisdiction on that basis would be tantamount to retaining "bankruptcy removal" jurisdiction because of the remote relationship of this state law action to the federal securities law actions. "Congress has made it plain that, in respect to noncore proceedings such as this (i.e., cases which assert purely state law causes of action), the federal courts should not rush to usurp the traditional precincts of the state court." *Mattingly v. Newport Offshore, Ltd.,* 57 B.R. 797, 799–800 (D.R.I.1986) (when removing party raised jury trial rights to avoid reference of non-core state law action to Bankruptcy Court, District Court instead ordered remand).

Given that this is purely a state law action, that this action involves difficult issues of state law, that a jury trial has been demanded, and that this action is remote from the bankruptcy proceedings, the equitable factors in this case warrant a remand to the State Court.

### CONCLUSION

For the reasons stated above, plaintiff's motion to remand this action to the New York State Supreme Court is granted. This case is closed and shall be removed from the docket.

SO ORDERED.

---

**2.** Actions that arise under title 11 or arise in title 11 cases are generally considered "core" proceedings, while actions that merely relate to cases under title 11 are generally "non-core" proceedings. *See Thomasson v. Amsouth Bank, N.A.,* 59 B.R. 997, 999 (N.D.Ala.1986). In non-core proceedings, Bankruptcy Courts only recommend decisions to District Judges; they do not make final decisions themselves. *See* 28 U.S.C. § 157(c); Bankruptcy Rule 9033. Disputed coverage claims by debtors against insurers are non-core. *See Prior v. Continental Ins. Co. (In re Blue Point Carpet, Inc.),* 86 B.R. 327, 328 (Bankr.E.D.N.Y.1988); *Fisher v. Ins. Co. of the State of Pennsylvania (In re Pied Piper Casuals, Inc.),* 65 B.R. 780, 781 (S.D.N.Y.1986).