Helmuth T. SCHERER, Appellant,

v.

James A. CARROLL and Gerda I. Carroll, Appellees.

No. 2:92–CV–101.

United States District Court, D. Vermont.

Jan. 4, 1993.

John J. Collins, Sutherland & Collins, Burlington, VT, for appellant.

Russell F. Niquette, Jr., Niquette, Niquette & Associates, Winooski, VT, and Richard H. Wadhams, Jr., Pierson, Wadhams, Quinn & Yates, Burlington, VT, for appellees.

## OPINION

PARKER, Chief Judge.

Helmuth Scherer ("Appellant") appeals the Order of the Bankruptcy Court remanding to state court a personal injury action which had been removed to the

Bankruptcy Court by the Appellant pursuant to 28 U.S.C. § 1452(a).[1] The Bankruptcy Court found the removal proper as the case was "related" to the core bankruptcy proceedings, but abstained from hearing the personal injury action pursuant to its powers under 28 U.S.C. § 1334(c).[2] The Court then remanded the case to state court pursuant to 28 U.S.C. § 1452(b), which grants a court broad discretionary remand power.[3]

The abstention and consequent remand in this case were based on a set of findings by the bankruptcy judge. Those findings include: (1) the personal injury action was a non-core proceeding governed by 28 U.S.C. § 157(b)(5); (2) Appellant had not filed a proof of claim in the bankruptcy action itself; (3) Appellant had requested a jury trial; (4) Appellant was a member of the Unsecured Creditors' Committee; and (5) discovery had already begun in the state court. Based on these findings, particularly noting that because of the procedural posture of the action in the state court and the nature of the action itself, the bankruptcy judge held that it was appropriate that the personal injury claim be liquidated in state court.

Appellant asserts that the Bankruptcy Court made two errors. First, the exercise of abstention in this case was inappropriate and remand on that basis was accordingly improper. Second, there are errors in the Bankruptcy Court's findings relating to discovery and the "procedural posture" of the

case in the state court which also makes a remand in this case improper.

### Discussion

A bankruptcy court is a unit, or adjunct, of a federal district court. *In re Stoecker*, 117 B.R. 342, 344 (N.D.Ill.1990); *In re Red Carpet Corp. of Panama City Beach*, 902 F.2d 883, 890 (11th Cir.1990). Statutory law provides that a district court may refer any and all cases or proceedings arising under title 11, or arising in or relating to a case under title 11, to the bankruptcy judge for the district. 28 U.S.C. § 157. This Court, by way of a standing order under its Local Bankruptcy Rules, has referred all such cases and proceedings to the Bankruptcy Judge for the District of Vermont. V.L.B.R. 7012(a). Under Rule 7012, the Appellant's personal injury action was referred to the Bankruptcy Court.

The Bankruptcy Court's Remand Order in this case constitutes a final order in a non-core "related" matter, reviewable by a district court. 28 U.S.C. § 1452(b). This Court has jurisdiction to hear appeals from final orders of the Bankruptcy Court in proceedings referred under section 157 of title 28, and thus has jurisdiction to hear this appeal. 28 U.S.C. § 158. The Bankruptcy Court's findings of fact will not be set aside unless clearly erroneous. Fed. R.Bankr.P. 8013. However, legal questions are reviewed *de novo*.

---

1. On July 2, 1991, Appellant sued James and Gerda Carroll in state court claiming personal injury from negligence on the Carrolls' premises. Allstate is defending this action and retained an attorney to represent the Carrolls. On September 24, 1991, the Carrolls filed a petition for bankruptcy. On January 10, 1992, Appellant removed his personal injury action to the Bankruptcy Court. Thereafter, on March 13, 1992, the Bankruptcy Court remanded that action, which is the subject of this appeal.

    Appellant has requested an oral hearing in this case. I note, however, that the facts and legal arguments are adequately presented in the brief he submitted and in the record, and the decisional process on the issues of abstention and remand in this case would not be significantly aided by oral argument. *See* Fed. R.Bankr.P. 8012.

2. Section 1334(c) provides, in pertinent part:

    (c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

    28 U.S.C. § 1334(c)(1).

3. Section 1452 governs removal of claims related to bankruptcy cases. Section 1452(b) provides, in pertinent part:

    (b) The court to which such claim or cause of action is removed may remand such claim or cause of action *on any equitable ground.*

    28 U.S.C. § 1452(b) (emphasis added).

## I. Appellant's Challenge to the Findings of Fact

■ In his remand order the bankruptcy judge stated that "[d]iscovery has been on-going in the Superior Court." *In re Carroll,* No. 91–10688, (Bankr.D.Vt. filed March 13, 1992). Appellant correctly notes that the filing of a bankruptcy petition stays all discovery in state court. Notwithstanding the effect of the stay, there is no evidence in the record to suggest that the Bankruptcy Court's finding that discovery had begun is clear error. Accordingly, the finding regarding the state of discovery in this case will not be disturbed.

## IV. Abstention Under 28 U.S.C. § 1334(c)

■ I note at the outset that questions regarding abstention and remand may be addressed *sua sponte* by the Bankruptcy Court. *In re Southmark Storage Assoc. Ltd.,* 132 B.R. 231, 233 (Bankr.D.Conn. 1991) (*citing Naylor v. Case & McGrath, Inc.,* 585 F.2d 557, 563 (2nd Cir.1978)); *In re Ramada Inn–Paragould Gen. Partnership,* 137 B.R. 31, 33 (Bankr.E.D.Ark.1992). Furthermore, under recent amendments to 28 U.S.C. §§ 1334(c), 1452(b) and the Federal Bankruptcy Rules of Procedure, a Bankruptcy Court has the power to enter final orders regarding both abstention and remand issues. Judicial Improvements Act of 1990, Pub.L. No. 101–650, § 309, 104 Stat. 5089 (1990); Fed.R.Bankr.P. 5011(b), 9027(d) (as amended in 1991). In the interests of judicial economy, it is no longer appropriate for a Bankruptcy Court to recommend findings of fact and conclusions of law to the District Court on these issues.

■ Appellant argues that a number of factors weigh in favor of the Bankruptcy Court retaining jurisdiction and that since his personal injury action was not improvidently removed, abstention and remand were inappropriate in this case. I disagree. The factors considered by Appellant in his brief are certainly of great assistance in determining whether abstention is appropriate in a given case, but they are by no means exclusive considerations for a court.[4] Rather, they are merely illustrative of the types of concerns a court should consider.[5] Notably, Appellant recognizes concerns of comity and the nature of the claim as key factors in a court's determinations. Appellant's Brief at 5, Paper # 8 in court docket no. 92–CV–101.

■ As is provided by statutory law, a court may abstain purely in the interest of comity with state courts or out of a respect for state law. 28 U.S.C. § 1334(c). Without doubt, the personal injury action at issue here is not a case involving areas of expertise peculiar to a federal court. It is a tort action, grounded in state law. "Congress has made it plain that, in respect to noncore proceedings such as this (i.e., cases which assert purely state law causes of action), the federal courts should not rush to usurp the traditional precincts of the state court." *Drexel Burnham Lambert Group, Inc., v. Vigilant Insur. Co.,* 130 B.R. 405, 409 (Bankr. S.D.N.Y.1991) (*quoting Mattingly v. Newport Offshore, Ltd.,* 57 B.R. 797, 799–800 (D.R.I.1986)).

■ Furthermore, Appellant has demanded a jury trial, which is, in and of itself, sufficient grounds for an equitable remand in a noncore proceeding. *Drexel Burnham Lambert,* 130 B.R. at 409; *see also* 28 U.S.C. § 157(b) (divesting the bankruptcy court of jurisdiction to conduct tri-

---

4. Appellant lists the factors which were outlined in cases in the Southern District of New York and in the District of Delaware. *See* Appellant's Brief at 5, Paper # 8 in court docket no. 92–CV–101 (*citing Drexel Burnham Lambert Group, Inc., v. Vigilant Insur. Co.,* 130 B.R. 405 (S.D.N.Y.1991); *Gorge v. Long Neck Limited,* 107 B.R. 479 (D.Del.1989)).

5. In *Drexel Burnham Lambert,* the Court noted that there are a number of factors courts consider in deciding whether to remand a case under

section 1452(b). These factors include, but are not limited to:

(1) the effect on the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of the applicable state law; (4) comity; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the existence of the right to a jury trial; and (7) prejudice to the involuntarily removed defendants.

130 B.R. at 407.

als involving personal injury claims).[6] Coupled with the procedural posture of the case in state court, these factors support the exercise of abstention in this case. Accordingly, I find the Bankruptcy Court's abstention in this related noncore proceeding, and the consequent equitable remand pursuant to 28 U.S.C. § 1452(b), an appropriate and sound exercise of discretion.

### Conclusion

The Bankruptcy Court's Order of Remand dated March 13, 1992, is AFFIRMED.

---

**6.** Section 157(b)(5) provides:

The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

28 U.S.C. § 157(b)(5). Thus, even if the bankruptcy court did not exercise abstention in this case, it is statutorily precluded from hearing the case in the event that a jury trial is available.