**Linda BEVILACQUA, Plaintiff,**

v.

**Dorothy BEVILACQUA, Defendant.**

**No. 97 CV 0571.**

United States District Court,
E.D. New York.

May 8, 1997.

Robert Ferrari, New York City, for Plaintiff.

Richard S. Bonfiglio, Brooklyn, NY, for Defendant.

Memorandum Order and Judgment

JACK B. WEINSTEIN, Senior District Judge.

## I. Introduction

After filing a chapter 7 petition for bankruptcy, defendant removed to federal court New York State Supreme Court proceedings involving a determination of the rightful ownership of real property of her deceased husband. The matter had been adjudicated to the point of summary judgment and is the subject of a perfected appeal in the Appellate Division. Plaintiff's motion that this court abstain from entertaining the case and that it be remanded is granted.

## II. Facts

In December 1994 plaintiff commenced an action against her former daughter-in-law in the Supreme Court of the State of New York, County of Queens, Index No. 25877/94. Plaintiff sought ejectment of defendant from premises that had been willed to her by her deceased son, Marino Bevilacqua, and monetary damages for waste and withholding of the property.

With permission from the Supreme Court, the New York City Teacher's Retirement System was added as a defendant. The original defendant interposed an amended answer, affirmative defenses, eight counter-

claims, and a cross claim against the Retirement System.

Plaintiff moved for summary judgment on its ejectment claim, to dismiss certain of the counterclaims, and to sever unrelated counterclaims. Defendant cross-moved for leave to serve a third-party summons and complaint on the Retirement System and for related relief

In February 1996 the Supreme Court granted plaintiff's motion for summary judgment on the ejectment action and dismissed five of defendant's eight counterclaims and all of defendant's affirmative defenses. Its order is now the basis of a perfected appeal pending in the Appellate Division. The counterclaims that were not dismissed charge: plaintiff unduly influenced Marino Bevilacqua to change the beneficiary of his life insurance policy and pension benefits from defendant to plaintiff and unjust enrichment; there is also a request that a constructive trust be imposed on insurance and pension benefits. The trial judge set the case down for an inquest on damages and severed the remaining counterclaims and the cross claim.

On January 9, 1997, the date upon which the inquest appeared on the Supreme Court Trial Assignment Calendar, defendant filed a bankruptcy petition pursuant to Chapter 7 of Title 11, the Bankruptcy Code, thus staying the Supreme Court action. On February 4, 1997 defendant removed the case to the Federal District Court for the Eastern District of New York.

## III. Law

### 1. Subject Matter Jurisdiction

Section 1447(c) of title 28 permits remand of cases removed from state to federal court "on the basis of any defect in removal procedure" and requires remand if "it appears that the district court lacks subject matter jurisdiction...."

Pursuant to section 1452 of title 28, a party to a civil action pending in a nonbankruptcy forum "may remove any claim or cause of action ... to the district court for the district where such civil action is pending" if there is jurisdiction over the claim. 28 U.S.C. § 1452(a); *see also In re Fulda Independent*

*Co-op.*, 130 B.R. 967, 972 (Bankr.D.Minn. 1991).

■ Section 1334(b) of title 28 provides for federal jurisdiction over proceedings "arising under title 11, or arising in or related to a case under title 11." *See Drexel Burnham Lambert Group, Inc. v. Vigilant Insurance Company*, 130 B.R. 405, 407 (S.D.N.Y.1991). An action is a "related proceeding" under title 11 if "'the outcome of [the action] could conceivably have any effect on the estate being administered in bankruptcy.'" *Id.* (citing *World Travel Vacation Brokers, Inc. v. The Bowery Savings Bank (In re Chargit Inc)*, 81 B.R. 243, 247 (Bankr. S.D.N.Y.1987)); *see also Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984) (defining "related" matters as "whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy"); *In re Wood*, 825 F.2d 90, 93 (5th Cir.1987).

### 2. Federal Abstention from Hearing Claims Involving Bankruptcy Petitioners

■ Sections 1334(c)(1) and (2) of title 28 outline the circumstances under which a district court may abstain from hearing a proceeding relating to a debtor who has filed a petition in bankruptcy. The statute differentiates between claims that are "core" and those that are "non-core." Core claims "arise under" or "arise in" a bankruptcy proceeding. Those that "arise under" title 11 involve claims "predicated on a fight created by a provision of title 11." *Drexel Burnham Lambert Group, Inc. v. Vigilant Insurance Company*, 130 B.R. 405, 407 (S.D.N.Y.1991) (citing *World Travel Vacation Brokers, Inc. v. The Bowery Savings Bank (In re Chargit Inc.)*, 81 B.R. 243, 247 (Bankr.S.D.N.Y. 1987)). Actions that "arise in" a title 11 proceeding are those that "are not based on any fight expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." *Id.* Non-core claims are "related to" the bankruptcy proceeding, that is to say they are claims whose outcome "could conceivably have any effect on the

estate being administered in bankruptcy." *Id.*

The distinction between core and non-core proceedings defines the authority of the bankruptcy court. *See In re Seatrain Lines, Inc.,* 198 B.R. 45, 50 (S.D.N.Y.1996) ("The sole relevance of the core/non-core distinction is the scope of the bankruptcy court's authority."). Pursuant to section 1334(c)(2), a bankruptcy court *must* abstain from hearing a non-core proceeding if it has already been "commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction." *See In re S.G. Phillips Constructors, Inc.,* 45 F.3d 702, 708 (2d Cir.1995). By contrast, "[w]hen a district court abstains from hearing cases involving 'core' proceedings, the abstention decision can only be made pursuant to § 1334(c)(1), which leaves abstention to the district judge's discretion." *Id.* Thus, in deciding whether to withdraw a reference from bankruptcy court, the district court must first consider "whether the proceeding is core or non-core 'since it is upon this issue that questions of efficiency and uniformity will turn.'" *In re Seatrain Lines, Inc.,* 198 B.R. 45, 49 (S.D.N.Y.1996) (citing *Orion Pictures Corp. v. Showtime Networks, Inc.,* 4 F.3d 1095, 1101 (2d Cir.1993), *cert. dismissed,* 511 U.S. 1026, 114 S.Ct. 1418, 128 L.Ed.2d 88 (1994)); see also *In re Kenai Corp.,* 136 B.R. 59, 61 (S.D.N.Y.1992) (motion for withdrawal refused with leave to renew at trial).

Congress set out in section 157(b)(2) of title 28 a broad, non-exclusive list of proceedings that are core. While section 157(b)(2)(A) includes as core, "matters concerning the administration of the estate," not all claims that "concern the administration of the estate" are treated as core. *See, e.g., In re Ben Cooper, Inc.,* 896 F.2d 1394, 1398 (2d Cir.1992), *vacated and remanded* 498 U.S. 964, 111 S.Ct. 425, 112 L.Ed.2d 408 (1990), *reinstated on remand,* 924 F.2d 36 (2d Cir. 1991) ("the structure of the [bankruptcy] statute as a whole does not permit such a [broad] construction").

The Supreme Court determined that bankruptcy courts do not have core jurisdiction over "private right" claims merely because those claims involved a debtor. *See In re Ben Cooper, Inc.,* 896 F.2d 1394, 1398 (2d.Cir.1990)(citing *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.* 458 U.S. 50, 71, 102 S.Ct. 2858, 2871–72, 73 L.Ed.2d 598 (1982)). The Second Circuit has further delineated the contours of core jurisdiction by finding core jurisdiction over private right claims that are founded *after* the title 11 petition for bankruptcy is filed. *Id.* at 1399–1400 ("Logically, a post-petition contract that has as its subject matter an estate asset must be analyzed differently than one pre-petition.... We hold that the timing of a dispute may render it uniquely a bankruptcy case."); *see also In re Seatrain Lines, Inc.,* 198 B.R. 45, 51(S.D.N.Y.1996). Private rights claims that are commenced in state court *prior* to the filing of the bankruptcy petition are generally non-core pursuant to *Marathon. See In re Pied Piper Casuals, Inc.,* 65 B.R. 780 (S.D.N.Y.1986); *In re Blue Point Carpet, Inc.,* 86 B.R. 327 (Bankr. E.D.N.Y.1988); *Acolyte Electric Corp. v. City of New York,* 69 B.R. 155 (Bankr. E.D.N.Y.1986), *aff'd.* 1987 WL 47763 (E.D.N.Y.1987). A federal court should generally abstain from hearing non-core proceedings if they have already been commenced and can be timely adjudicated in the state forum. 28 U.SC. § 1334(c)(2).

### 3. Federal Court Authority to Remand a Case to State Court.

A federal court may remand for equitable reasons pursuant to section 1452(b) of title 28 to state court proceedings that had been commenced in that forum. This section states, in relevant part: "The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." The provision does not limit the court's power to remand to non-core proceedings. The standard applicable in applying § 1452(b) involves a consideration of several factors:

(1) the effect on the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of the applicable state law; (4) comity; (5) the degree of relatedness or remoteness of

the proceeding to the main bankruptcy case; (6) the existence of a right to a jury trial; and (7) prejudice to a party involuntarily removed from state court.

*Arstk, Inc. v. Audre Recognition Systems, Inc.,* 1996 WL 229883, *5 (S.D.N.Y.) (citing *In re Riverside Nursing Home,* 144 B.R. 951, 956 (S.D.N.Y.1992) (citing *Drexel Burnham Lambert Group, Inc. v. Vigilant Ins. Co.,* 130 B.R. 405, 407 (S.D.N.Y.1991))).

## IV. Application of Law to Facts

■ There is subject matter jurisdiction in federal court over these claims. Plaintiff has filed a bankruptcy petition pursuant to chapter 7 of title 11, the Bankruptcy Code. Both plaintiff's damages claim relating to defendant's possession of property and defendant's counterclaims and cross claim are "related proceedings" under title 11. These claims could conceivably have an effect on defendant's bankruptcy estate since a judgment could augment or diminish the estate. Thus, there is federal jurisdiction over these claims under section 1334 and removal to federal court under section 1452(a) was appropriate.

■ Nevertheless, this court should abstain from hearing these proceedings pursuant to section 1334(c)(1) of title 28. The claims are non-core. Plaintiff's claim for damages for waste, defendant's counterclaims for undue influence and unjust enrichment, and defendant's cross claim do not arise under the bankruptcy code. These are state law claims that predate by almost two years defendant's filing of a Chapter 7 petition.

■ Unfounded is defendant's assertion in her Notice of Removal that the "gravamen of the Supreme Court action for which removal is being exercised, relates to and as such involves a core issue with respect to Debtor pursuant to 28 U.S.C. Section 157(b)(2)(B)." Section 157(b)(2)(B) states that core proceedings include "allowance or disallowance of claims against the estate or exemptions of property from the estate, and estimation of claims or interests for the purpose of confirming a plan under chapter 11, 12 or 13 of title 11 . . . . " Plaintiff's damage claim may merely quantify damages for de-

fendant's having unlawfully occupied plaintiff's premises. It does not involve the "allowance or disallowance of claims against the estate" in the sense that it will determine whether plaintiff has a claim against the estate. Were plaintiff to be awarded damages in its suit and then file a proof of claim in bankruptcy court to recover such damages, *that* proceeding would be core pursuant to section 157(b)(2)(B) whether or not the genesis of the claim involved pre-petition activities. *See In re S.G. Phillips Constructors, Inc.,* 45 F.3d 702, 706 (2d Cir.1995).

The damage claim is also not core pursuant to the second half of section 157(b)(2)(B) since the "estimation of claims or interests for the purpose of confirming a [bankruptcy plan]" is specifically qualified by limiting such core jurisdiction to plans being confirmed "under chapter 11, 12 or 13 of title 11." Defendant has filed a chapter 7 petition in bankruptcy and thus there is no core jurisdiction over plaintiff's damage claim pursuant to this part of the statute.

■ Nor is the litigation involved in defendant's counter- and cross claims core pursuant to section 157(b)(2)(B). Those claims do not involve the "allowance or disallowance of claims *against* the estate . . ." (emphasis added), nor do they involve the "estimation of claims or interests for the purpose of confirming a [bankruptcy plan]" pursuant to a chapter 11, 12 or 13 petition.

Furthermore all of defendant's issues related to our action already have been commenced in state court which has reached the point of summary judgment and trial. They can be fully and fairly adjudicated in a timely fashion. Plaintiff's damages trial was scheduled to be set for trial on January 9, 1997. Defendant's appeal of the New York Supreme Court's order on plaintiff's summary judgment motion is perfected and should proceed.

Because these claims are non-core, have already been commenced in the state forum, and can be adjudicated in a timely fashion, this court should abstain from hearing them pursuant to the mandatory abstention provision of section 1334(c)(2).

There are also equitable reasons supporting remand pursuant to section 1452(b). First, it would not be in the interests of efficiency for this federal court to hear plaintiff's damages claim when the damages arise from an ejectment action for which plaintiff has already been granted summary judgment in state court. Nor would it be in the interests of efficiency to stay defendant's perfected appeal of the summary judgment proceeding that includes both plaintiff's claim and defendant's counter- and cross claims. Second, these claims are state claims which can be promptly adjudicated in state court according to state substantive law. Should they lead to money judgments for defendant, these judgments can be enforced in bankruptcy court without burdening the administration of the bankruptcy estate. Third, state law on these issues is not completely clear. Fourth, comity speaks for abstention in a case to which the state courts have devoted so much attention. Fifth, the claims are remote from the main bankruptcy proceeding. Sixth, there appears to be a right to a jury trial. Seventh, the non-bankrupt parties to the state action would be prejudiced by delay absent a remand.

## V. Conclusion

Defendant's removal of these claims to federal court pursuant to section 1447(c) of title 28 following her filing of a chapter 7 petition was proper. There is federal subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1334(b).

The claims are non-core. Since they can be adjudicated in state court in a timely manner and have in fact been adjudicated in state court to the point of summary judgment, this court should abstain from hearing them pursuant to 28 U.S.C. § 1334(c)(2).

The case is remanded to New York State Supreme Court, County of Queens, pursuant to section 1452(b) of title 28. No costs or disbursements.

SO ORDERED.