**The LANGSTON LAW FIRM
et al., Appellants,**

v.

**The State of MISSISSIPPI
et al., Appellees.**

**No. 08 Civ. 4331(WHP).**

United States District Court,
S.D. New York.

Nov. 17, 2008.

Michael P. Richman, Esq., Foley & Lardner, LLP, New York, NY, for Appellants.

Andrew M. Kramer, Esq., Otterbourg, Steindler, Houston & Rosen, P.C., New York, NY, Arthur F. Jernigan, Jr., Esq., Craign M. Geno, Esq., Harris, Jernigan & Geno, PLLC, Ridgeland, MS, for Appellees.

## MEMORANDUM AND ORDER

WILLIAM H. PAULEY III, District Judge.

The Langston Law Firm appeals an order of Bankruptcy Judge Arthur J. Gonzalez dated April 2, 2008 (the "Abstention Order") of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") granting the motion for abstention filed by The State of Mississippi, Stacy Pickering, Auditor of the State of Mississippi, and Phil Bryant, former Auditor for the State of Mississippi (collectively the "State"). For the following reasons, this Court affirms the Abstention Order.

### BACKGROUND

On July 21, 2002, WorldCom, Inc. and certain of its subsidiaries (the "Debtors") commenced chapter 11 proceedings in the Bankruptcy Court. (Appendix to Appellant's Opening Brief ("App'x"): First Amended Complaint for Declaratory Relief dated Feb. 15, 2008 ("Amended Compl.") ¶ 13.) On April 20, 2004, the Debtors' Modified Second Amended Joint Plan of Reorganization became effective and WorldCom merged into MCI Communications, Inc. ("MCI"). (Amended Compl. ¶ 14.)

The State of Mississippi filed proof of claims for over $1 billion in unpaid taxes, penalties and interest (the "Claim"). (Amended Compl. ¶ 15.) In September 2004, James M. Hood III, the Attorney General of the State of Mississippi, retained the Langston Law Firm to pursue the Claim in the bankruptcy. (Amended Compl. ¶ 16.) The retention agreement provided for a structured contingent fee to be paid from any gross recovery. (Amended Compl. ¶ 18.) In April 2005, the State of Mississippi and MCI entered into a settlement agreement (the "Settlement Agreement"), pursuant to which MCI agreed to pay the State of Mississippi $100 million and to transfer to the State certain buildings and property. (Amended Compl. ¶¶ 21–22.) In addition, on behalf of the State, MCI agreed to pay the Langston Law Firm $14 million in attorneys' fees and expenses. (Amended Compl. ¶ 22; App'x: Complaint dated Sept. 21, 2007 Ex. B: Settlement Agreement dated May 6, 2005 ¶ 8.) The Bankruptcy Court

approved the Settlement Agreement on May 13, 2005 (the "Settlement Order"). (Amended Compl. ¶ 29.) The Settlement Order provided that the Bankruptcy Court would retain jurisdiction "over the Parties and the subject matter of the ... [Settlement] Agreement to the extent necessary to enforce and resolve disputes arising over the consummation of the Agreement." (Amended Compl. ¶ 29.) The Debtors made all of the payments under the Settlement Agreement. (App'x: Answer to Amended Complaint dated Mar. 17, 2008 ¶¶ 11–15.)

In November 2006, the Mississippi state auditor demanded that the Langston Law Firm return the $14 million it had received from MCI, claiming that under Mississippi law, it was property of the State. (Amended Compl. ¶ 51.) On September 21, 2007, the Langston Law Firm commenced this action in the Bankruptcy Court for declaratory relief that, *inter alia*, the Appellees had waived or were estopped from challenging the Settlement Agreement and that MCI's $14 million payment to the Langston Law Firm was proper under Mississippi law the ("Adversary Proceeding").

On December 20, 2007, the State of Mississippi and its state auditor commenced an action against the Langston Law Firm in Mississippi state court (the "State Court Action"), asserting the same claims they interposed as counterclaims in the Adversary Proceeding. (App'x: Complaint dated Dec. 20, 2007.) On December 21, 2007, the Langston Law Firm filed a motion for summary judgment in the Adversary Proceeding on two claims and the State filed a motion for abstention. On April 2.2008 the Bankruptcy Court granted the motion for abstention finding that both mandatory and discretionary abstention were warranted.

## DISCUSSION

### I. *Standard of Review*

█ This Court reviews the Bankruptcy Court's decision on mandatory abstention *de novo* and the decision on discretionary abstention for abuse of discretion. *See Stoe v. Flaherty*, 436 F.3d 209 (3d Cir. 2006); *Mt. McKinley Ins. Co. v. Corning, Inc.*, 399 F.3d 436, 447 (2d Cir.2005) (reviewing the bankruptcy court's decision on mandatory abstention *de novo* ); *In re Prudential Lines, Inc.*, 170 B.R. 222, 228–29 (S.D.N.Y.1994) (citing *In re Pan American Corp.*, 950 F.2d 839, 844 (2d Cir.1991)).

### II. *Mandatory Abstention*

█ Pursuant to 28 U.S.C. § 1334(c)(2), "[a] party seeking mandatory abstention must prove each of the following: (1) the motion to abstain was timely; (2) the action is based on a state law claim; (3) the action is 'related to' but not 'arising in' a bankruptcy case or 'arising under' the Bankruptcy Code; (4) Section 1334 provides the sole basis for federal jurisdiction; (5) an action is commenced in state court; (6) that action can be 'timely adjudicated' in state court." *In re WorldCom, Inc. Sec. Litig.*, 293 B.R. 308, 331 (S.D.N.Y.2003); *see also* 28 U.S.C. § 1334(c)(2).

The Bankruptcy Court held that the "Auditor's pursuit of the $14 million paid to the Langston Law Firm ... is not a collateral attack of the Settlement Order implicating res judicata, estoppel or waiver. The issues were not before the Court in connection with approving the settlement of the Debtors' tax obligations to the State nor could they have been raised .... Had the Auditor raised this dispute in connection with the Court's approval of the Settlement Agreement, the Auditor would have lacked standing for it was the Attorney General that represented the interests of the State before the Court." (App'x:

Settlement Order at 3.) In addition, the Bankruptcy Court held that the "dispute between the parties is a non-core matter involving state law issues, the resolution of which will have no impact on the Debtors or the bankruptcy case." (App'x: Abstention Order at 4.) The Bankruptcy Court also concluded that the motion to abstain was timely, that the issues raised were based on state law, that Section 1334 provided the sole basis for federal jurisdiction, that the State Court Action had been commenced, and that there was no reason to believe it would not be timely adjudicated. (App'x: Abstention Order at 6–7.)

### A. Core Proceeding

 Section 1334 "provides for federal jurisdiction of three different types of proceedings: those that 'arise under' title 11, those 'arising in' a case under title 11, and those 'related to' a case under title 11." *Drexel Burnham Lambert Group, Inc. v. Vigilant Ins. Co.*, 130 B.R. 405, 407 (S.D.N.Y.1991). Mandatory abstention is inapplicable where a matter is a core proceeding—those that either arise under Title 11 or arise in a case under Title 11. *In re Petrie Retail, Inc.*, 304 F.3d 223, 232 (2d Cir.2002); 28 U.S.C. § 157(b)(1). "Actions that arise under title 11 involve claims predicated on a right created by a provision of title 11." *Drexel*, 130 B.R. at 407. The parties agree that this case does not arise under Title 11.

 "Arising in proceedings are those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." *Drexel*, 130 B.R. at 407. It is not enough that the proceeding has its "origin in events occurring during a bankruptcy proceeding" or that the "cause of action would never have arisen absent [the] particular bankruptcy." *Winstar Holdings, LLC v. The Blackstone Group L.P.*, No. 07

Civ. 4634(GEL), 2007 WL 4323003 at *3–4 (S.D.N.Y. Dec. 10, 2007). Rather, the proceeding must be one that "by its very nature . . . can only be brought in a bankruptcy action." *In re Riverside Nursing Home*, 144 B.R. 951, 955 (S.D.N.Y.1992); *see also 176–60 Union Turnpike, Inc. v. Howard Beach Fitness Center, Inc.*, 209 B.R. 307, 311 n. 2 (S.D.N.Y.1997). Examples of actions that "would have no existence outside of a bankruptcy" include "motions for contempt of bankruptcy court orders, motions to change the composition of a creditors' committee or appoint or elect trustees or examiners." *Winstar*, 2007 WL 4323003, at *4.

Section 157(b)(2) also sets out a non-exclusive list of sixteen core proceedings, which relate directly to a bankruptcy court's functions, including a "catch-all provision[ ]" for "matters concerning the administration of the estate." 28 U.S.C. § 157(b)(2); *see also Mt. McKinley*, 399 F.3d at 448; *In re CBI Holding Co. Inc.*, 529 F.3d 432, 442 (2d Cir.2008).

 While it is true that this dispute originates in the Debtors' bankruptcy proceeding and that it would not have arisen had the bankruptcy not occurred, appellant is incorrect that this action, by its nature, could only be brought in bankruptcy court. Rather, the parties could have brought this dispute, or any dispute relating to the payment of attorneys' fees in a settlement agreement, in any court. Moreover, there is no evidence that the dispute, which concerns only whether the Langston Law Firm must turn over the payment it received from MCI to the State, will impact the administration of the estate. The resolution of the action will not affect the Debtors, who have fulfilled their obligations under the Settlement Agreement, or any other creditor. The Debtors and the creditors have no interest in whether the Langston Law Firm or the

State retains the payment MCI made to the Langston Law Firm.

### B. *State Law Claim*

Section 1334(c)(2) requires that the proceeding be "based upon a State law claim or State law cause of action." 28 U.S.C. § 1334(c)(2). The Langston Law Firm seeks a declaratory action that *inter alia:* (1) the State has waived or is estopped from challenging the Settlement Agreement, (2) the State cannot meet the standards under Rule 60 of the Federal Rules of Civil Procedure to attack the Settlement Agreement; (3) the payment of attorneys' fees by the Debtors was proper under Mississippi law; and (4) the attorneys' fees paid to the Langston Law Firm is not property of the State of Mississippi. While the latter two claims are based on Mississippi state law, the estoppel and Rule 60 claims do not implicate state law. Because the adversary proceeding is not based only on state law claims or state law causes of action, this requirement for mandatory abstention is not met.

### C. *Section 1334 Jurisdiction*

■ "Bankruptcy courts have inherent or ancillary jurisdiction to interpret and enforce their own orders wholly independent of the statutory grant of jurisdiction under 28 U.S.C. § 1334." *In re Chateaugay Corp.*, 201 B.R. 48, 62 (Bankr.S.D.N.Y. 1996); *see also In re Fibermark*, 369 B.R. 761, 765 (Bankr.D.Vt.2007); *In re White Motor Credit Corp.*, 75 B.R. 944, 947–48 (Bankr.N.D.Ohio 1987) (bankruptcy court's ancillary jurisdiction to interpret and enforce prior orders "may be exercised irrespective of an independent jurisdictional basis").

The Langston Law Firm's estoppel and Rule 60 claims require the Bankruptcy Court to interpret the Settlement Order and Settlement Agreement. The Bank-

ruptcy Court had the inherent jurisdiction, independent of § 1334, to do so. In fact, it retained jurisdiction to enforce and resolve disputes arising out of the Settlement Agreement. Accordingly, because section 1334 does not provide the sole basis for federal jurisdiction, this requirement for mandatory abstention is also not met.

### D. *Action commenced in State Court*

■ The Court of Appeals has not addressed the issue of whether mandatory abstention may apply when the state court action was commenced after the bankruptcy court action, but prior to the motion for abstention. The courts that have addressed the issue have held differently. *See In re Consol., Lewis Inv. Corp.-Ltd. P'ship*, 78 B.R. 469, 476 (Bankr.M.D.La. 1987) ("if the state court proceeding had not been filed and was not pending when the bankruptcy case was filed, then mandatory abstention does not apply"); *In re Container Trans., Inc.*, 86 B.R. 804, 805 (E.D.Pa) (presence of a state court proceeding "at the time that a proceeding is initiated in the bankruptcy court" is required). *But see Bates & Rogers Constr. Corp. v. Continental Bank, N.A.*, 97 B.R. 905, 907–08 (N.D.Ill.1989) (language of section 1334(c)(2) only requires that an action "be commenced in a state court with appropriate jurisdiction" and not that the "state court proceeding . . . be commenced prior to filing in bankruptcy").

The language of § 1334(c)(2)—that an "action is commenced . . . in a State forum"—does not on its face require the commencement of the state action prior to the bankruptcy action. Moreover, such a requirement would be impossible to satisfy in this action, and many others, given that the claims here arose out of settlement in the bankruptcy proceeding. The fact that the State Court Action was filed one day prior to the motion to abstain suggests an

artificial construct; nevertheless, it was filed only two months after the Adversary Proceeding commenced. Accordingly, the requirement that an action is commenced in a state court is satisfied.

### E. *Timely Adjudication*

"The phrase 'timely adjudication' is not defined in the Bankruptcy Code." *In re Midgard Corp.,* 204 B.R. 764, 778 (10th Cir. BAP 1997); *see also In re Georgou,* 157 B.R. 847, 851 (N.D.Ill.1993) ("The standard for what constitutes timeliness is generally uncertain."). "Courts interpreting this phrase have focused on whether allowing an action to proceed in state court will have any unfavorable effect on the administration of a bankruptcy case ...." *Midgard,* 204 B.R. at 778; *see also In re Ames Dep't Stores, Inc.,* No. 01–8153(AJG), 2006 WL 1288586, at *12 (Bankr.S.D.N.Y.2006) (same). Since the resolution of this dispute will have no impact on the administration of the estate, there is no reason that the State Court Action cannot be adjudicated in a timely fashion.

■ Accordingly, because two requirements for mandatory abstention—that the claims are based on state law causes of action or state law claims and that Section 1334 provides the sole basis for federal jurisdiction—are not met, the State's motion for abstention pursuant to § 1334(c)(2) should have been denied.

### III. *Discretionary Abstention*

■ Pursuant to 28 U.S.C. § 1334(c)(1), a bankruptcy court has discretion to abstain "from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11 ... in the interest of comity with State courts or respect for State law." In considering discretionary abstention, courts weigh the following factors: "(1) the effect or lack thereof on the efficient administration of the estate if the court recommends abstention; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable state law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than the form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the court's docket; (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) the presence in the proceeding of non-debtor parties." *In re WorldCom Sec. Litig.,* 293 B.R. 308, 332 (S.D.N.Y.2003); *see also In re Cody, Inc.,* 281 B.R. 182, 190–91 (S.D.N.Y.2002). A court need not consider all twelve factors. *Cody,* 281 B.R. at 191.

The Bankruptcy Court found the following factors weighed in favor of abstention: (1) abstention would have no effect on the efficient administration of the estate; (2) the issues in the action involve state law, rather than bankruptcy law; (3) while not complex, the application of Mississippi law regarding the payment of legal fees is best considered by Mississippi courts; (4) the issues raised in this action are remote from and not related to the bankruptcy case; (5) the parties are non-debtors; (6) no claim is raised against the Debtors or implicates property of the estate; and (7) resolution of the dispute does not require an interpretation of the Settlement Agree-

ment or Settlement Order. (Abstention Order 7–8.)

 As this Court discussed earlier, this action is not a core proceeding and its resolution will not have any effect on the administration of the estate. Neither the Debtors nor any property of the estate is involved in this action. In addition, this Court agrees that the issues raised in this action are remote from the bankruptcy case and will likely hinge on Mississippi state law regarding the payment of legal fees, which is best handled by the Mississippi state court. The State has commenced an action in Mississippi state court, which will be able to resolve this dispute. Accordingly, the Bankruptcy Court did not abuse its discretion in abstaining pursuant to 28 U.S.C. § 1334(c)(1).

This Court also notes that before even discussing mandatory or discretionary abstention, the Bankruptcy Court decided that the State's pursuit of the fees paid to the Langston Law Firm was not a collateral attack of the Settlement Order implicating res judicata, estoppel or waiver, which was the Langston Law Firm's first claim. (Abstention Order at 3–4.) Because discretionary abstention was appropriate, any decision on the merits of the claim is left to the Mississippi state court.

## IV. *Remand to Bankruptcy Court*

The Langston Law Firm argues that the Bankruptcy Court provided insufficient explanation of its analysis and requests that this Court remand the matter to the Bankruptcy Court for further proceedings on the State's motion for abstention. The Bankruptcy Court's eight page decision more than adequately sets forth the basis for its decision. Accordingly, the Langston Law Firm's motion for remand for further proceedings is denied.

## CONCLUSION

For the foregoing reasons, this Court affirms the Bankruptcy Court's decision regarding discretionary abstention pursuant to 28 U.S.C. § 1334(c)(1). The Clerk of the Court is directed to mark this case closed.

SO ORDERED: