■ KINNEY & KINSELLA, INC., Appellant, v NEI FASHIONS, LLC, Respondent. [925 NYS2d 449]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered July 1, 2010, which, in an action alleging unjust enrichment, conversion and prima facie tort, granted defendant's motion to dismiss the complaint due to lack of subject matter jurisdiction, and denied plaintiff's cross motion to compel discovery, unanimously affirmed, with costs.

The Bankruptcy Court's order approving the sale to defendant of the debtor's assets, which appear to include the materials at issue here, provides that "[a]ll persons and entities . . . holding claims of any kind and nature arising before the entry of this Sale Order or relating to acts occurring prior to [its] entry . . . are permanently enjoined from asserting such claims against the Buyer, its successors or assigns, its property, or the Assets." The order further provides that the Bankruptcy Court "retains exclusive jurisdiction to interpret, construe and enforce the provisions of the [letter of intent governing the sale] and [the] Sale Order." Accordingly, contrary to plaintiff's contention, even if there is a factual dispute as to whether the events giving rise to its claims, namely defendant's alleged improper use of advertising and marketing material prepared by plaintiff for use by the debtor, arose before or after entry of the sale order, resolution of the dispute is squarely within the purview of the provision reserving exclusive jurisdiction to interpret such documents with the Bankruptcy Court.

We reject plaintiff's argument that the Bankruptcy Court impermissibly purported to expand its jurisdiction. Bankruptcy courts have original jurisdiction over civil proceedings "related to" cases under title 11 of the Bankruptcy Code (11 USC), which includes claims whose outcomes "could *conceivably* have any effect on the estate being administered in bankruptcy" (*Drexel Burnham Lambert Group, Inc. v Vigilant Ins. Co.*, 130 BR 405, 407 [SD NY 1991] [internal quotation marks and citation omitted]).

In view of the foregoing, plaintiff's cross motion to compel discovery was properly denied as moot.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Saxe, J.P., Acosta, DeGrasse, Abdus-Salaam and Manzanet-Daniels, JJ.