**In re the RATH PACKING COMPANY, an Iowa Corporation, Employer Identification No. 42–0483750, Debtor.**

**The RATH PACKING COMPANY, Plaintiff,**

v.

**UNITED FOOD & COMMERCIAL WORKERS LOCAL UNION 167 and the Rath Packing Company Health & Welfare Trust Fund, and Robert Hatfield, Deno Kottaridis, Gregory R. Kohn, and Ervin D. Wright, not individually but as Trustees of the Health & Welfare Trust Fund, Defendants.**

No. C 86–2087.
Bankruptcy No. 83–02293.
Adv. No. 84–0458W.

United States District Court,
N.D. Iowa, E.D.

June 19, 1987.

R. Fred Dumbaugh, Cedar Rapids, Iowa, Ronald Peterson, Donald Cassling, Catherine Steege, Chicago, Ill., Steve Weidner, Waterloo, Iowa, for Rath Packing Co., appellant.

Steven T. Jacobs, Mark L. Metz, Milwaukee, Wis., for Local Union 167, et al., appellees.

**ORDER AFFIRMING BANKRUPTCY COURT'S DECISION**

HANSEN, District Judge.

This matter is before the court on appellant Rath Packing Company's (Rath) appeal filed September 30, 1986, from a decision of the bankruptcy court[1] entered August 25, 1986, dismissing Rath's adversary complaint. The United Food & Commercial Workers Local Union 167 (Local) and the

1. Honorable Peder K. Ecker, United States Bankruptcy Judge.

Rath Packing Company Health & Welfare Trust Fund (Fund) resist the appellant's appeal and urge this court to affirm the bankruptcy court. Both sides have filed briefs outlining their arguments. The court, having read the well-reasoned opinion of the bankruptcy judge, reviewed the record on appeal, and read the briefs of the parties, enters the following order.

This action involves payments made by Rath to the Fund, which was a health and welfare trust fund set up for the benefit of Rath's employees at its Indianapolis, Indiana plant. Rath filed this action claiming that it made excessive payments to the Plan and seeking to have the payments returned under the following theories: (1) that the payments constitute a fraudulent conveyance under 11 U.S.C. § 548; (2) that some of the payments were made by mistake; (3) that payments made between December 22, 1983 and August 21, 1984, are avoidable postpetition transfers under 11 U.S.C. § 549; (4) that the payments caused the Fund to be unjustly enriched; (5) that the defendant trustees breached their fiduciary duty to Rath by not accurately determining Rath's required contribution to the Plan, and (6) that the payments were preferential transfers to defendants.

The bankruptcy court dismissed all counts of Rath's complaint. Rath has framed the issues on appeal as whether the bankruptcy court erred as a matter of law or fact in dismissing any of Counts I through VI. Rath asserts on appeal that only Count I of Rath's complaint is a core proceeding under 28 U.S.C. § 157(b)(2)(H), and thus reviewable as set out in Bankruptcy Rule 8013, under which conclusions of law are freely reviewable and may be set aside if erroneous, *see Clay v. Traders Bank of Kansas City*, 708 F.2d 1347, 1350 (8th Cir.1983), and findings of fact are reviewable under the "clearly erroneous" standard. *See* Bankruptcy Rule 8013. Rath asserts that the remaining counts are non-core proceedings and urges this court to conduct a *de novo* review of both the findings of fact and conclusions of law under 28 U.S.C. § 157(c)(1). This court refuses to conduct a *de novo* review of the bankruptcy court's decision for the following reasons.

First, this court agrees with Rath's complaint in this adversary proceeding in which Rath expressly contends that this proceeding *is* a core proceeding under 28 U.S.C. § 157(b)(2)(H) and (O), with the sole exception that a proceeding to recover a preference is a core proceeding under § 157(b)(2)(F). Second, Rath never asked the bankruptcy court to determine whether the adversary proceeding was a core proceeding, or whether it involved a non-core proceeding. *See* 28 U.S.C. § 157(b)(3) ("the bankruptcy judge shall determine, on the judge's own motion, or on timely motion of a party, whether a proceeding is a core proceeding under this subsection....") This court agrees with the view of the district court in *Rainey v. Intern. Harvester Credit Corp.*, 59 B.R. 987, 990 (N.D.Ill. 1986), that Rath's failure to raise this issue before the bankruptcy judge constitutes a waiver of the issue since such a motion must be "timely" under the statute. Finally, Rath impliedly consented to the jurisdiction of the bankruptcy court by bringing these claims seeking affirmative relief, by asserting that these claims were all core proceedings, and by failing to timely raise the issue of whether these claims are core proceedings. Therefore, this court's review of this matter shall be in accordance with the standard set forth in Bankruptcy Rule 8013, as set out above.

This court has reviewed the record on appeal and has found no error of fact or law in the well-reasoned opinion of the bankruptcy judge which would mandate a modification or reversal of his opinion. Accordingly,

*It Is Ordered:*

The decision of the bankruptcy court entered August 15, 1986, is hereby affirmed.