**In re WEFCO, INC.**

No. CV 88–3060.

United States District Court,
E.D. New York.

March 28, 1989.

Pinks, Brooks, Stern & Arbeit, Hauppauge, N.Y., for debtor.

Roseman, Roseman & Feldman, Melville, N.Y., for Claimant Daniel Malawista Golf Shop Inc.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Appellant Wefco, Inc. ("Wefco"), a Chapter 11 debtor-in-possession, appeals from an order of the United States Bankruptcy Court for the Eastern District of New York (Hall, J.), dismissing, for lack of subject matter jurisdiction, an adversary proceeding brought by Wefco against Daniel Malawista Golf Shop, Inc. ("Malawista"). This Court has jurisdiction to decide the appeal pursuant to 28 U.S.C. § 158. For reasons set forth more fully below, the judgment of the bankruptcy court is reversed and the case is remanded for further proceedings in accordance with this opinion.

## I. BACKGROUND

### A. *Wefco's Complaint*

After filing a petition for relief under the Bankruptcy Code, Wefco commenced an adversary proceeding alleging that the parties presently before the Court entered into an agreement, dated February 20, 1985, pursuant to which Wefco leased golf carts to Malawista. According to Wefco's complaint, Malawista failed to make lease payments due on October 1, 1987 and November 1, 1987. As a result, it is alleged that Malawista is indebted to Wefco for lease payments in the sum of $12,787.50.

Wefco additionally alleges that between June 4, 1986 and August 1, 1986 it made repairs on the leased golf carts at the request of Malawista. Wefco asserts that despite its demands for payment Malawista has not paid for these repairs. Accordingly, Wefco alleges that Malawista is further indebted to Wefco in the amount of $1,794.35.

In its third cause of action, Wefco asserts that Malawista returned the leased golf carts to Wefco in damaged and/or destroyed condition. Wefco alleges that the cost of necessary repairs amounts to $18,856.11 and that no payment has been forthcoming to cover the costs of this damage.

Finally, Wefco asserts that Malawista is indebted to Wefco for accrued interest pursuant to the terms of the alleged agreement. Wefco alleges that as of May 10, 1988, the interest due and owing pursuant to the agreement terms amounted to $1,752.80.

### B. *Malawista's Motion Before the Bankruptcy Court*

After Wefco's commencement of the adversary proceeding (the "Proceeding") Malawista moved to have the Proceeding dismissed due to the bankruptcy court's alleged lack of subject matter jurisdiction. Malawista characterized the Proceeding as a non-core "related" proceeding and argued that the bankruptcy court lacked jurisdiction to decide the case. In response, Wefco argued that its dispute with Malawista constitutes a core proceeding that falls within the bankruptcy court's jurisdiction. Wefco also argued that even if the Proceeding were properly characterized as a related proceeding, dismissal was improper since a standing order of this Court grants the bankruptcy court jurisdiction to issue a report and recommendation as to the proper disposition of the Proceeding. After holding oral argument on Malawista's motion the bankruptcy court granted the motion and dismissed the Proceeding. This appeal followed.

## II. DISCUSSION

On appeal Wefco asserts that the bankruptcy court committed reversible error when it failed to determine whether the Proceeding was a "core" or a "related" proceeding pursuant to 28 U.S.C. § 157(b)(3). Malawista characterizes the bankruptcy court's failure to make a determination as a procedural omission that constitutes mere harmless error. Malawista further argues that the Proceeding is a non-core related proceeding that must be commenced in the district court. For the reason stated below, this Court cannot agree with Malawista's position.

A core proceeding is one that is part and parcel to a case brought under Title 11 of the Bankruptcy Act. A representative, but not exhaustive list of core proceedings is found at 28 U.S.C. § 157(b)(2). Related, as opposed to core, proceedings are those which do not stem from the bankruptcy proceeding nor are required to settle the Title 11 petition, but do clearly affect the estate in bankruptcy.

Section 157(b)(3), as added by the Bankruptcy Amendments and Federal Judgeship Act of 1984, provides that the "bankruptcy judge shall determine on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding ... or is a [related proceeding]." 28 U.S.C. § 157(b)(3).

While Malawista concedes that the bankruptcy court is required to determine whether an adversary proceeding is a core or non-core related proceeding before making a final determination of the matter, 28

U.S.C. § 157(b)(3), *see In re Nanodata Computer Corp.*, 52 B.R. 334, 341 (Bankr. W.D.N.Y.1985), *aff'd*, 74 B.R. 766 (W.D.N. Y.1987), it argues that the court's failure to make such a determination is harmless error. Malawista further argues that, in any event, the bankruptcy court was without jurisdiction to decide this "related" adversary proceeding.

■ Malawista's jurisdictional argument relies on the holding of the Supreme Court in *Northern Pipe Line Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). While this court agrees that *Marathon* limits the jurisdiction of the bankruptcy courts, the Court notes that Malawista's reliance on *Marathon* disregards the fact that a district court has the power to refer non-core related actions to the bankruptcy court for the purpose of issuing reports and recommendations as to the proper disposition of the matter. Specifically, 28 U.S.C. § 157(a) states that "[e]ach district court may provide that any or all cases under Title 11 and any or all proceedings arising under Title 11 or arising in or *related* to a case under title 11 shall be *referred to the bankruptcy judges* for the district." 28 U.S.C. § 157(a). (emphasis added). All cases arising under, in, or related to a bankruptcy case under Title 11 in this district have been automatically referred to the Bankruptcy Court for the Eastern District of New York by a standing order of referral dated August 28, 1986. The result is that the bankruptcy court has jurisdiction over both core and related proceedings.

■ The classification of a proceeding as core or non-core does not determine the jurisdiction of a bankruptcy court, but instead relates to a determination of whether that court may enter a final order or judgment or whether it may only issue findings of fact and conclusions of law upon which the district court enters a final order after a *de novo* review. 28 U.S.C. § 157(c)(1). Although a bankruptcy judge may enter a final judgment in a core proceeding the judge is limited, absent the parties' consent, to recommending findings of fact and conclusions of law in non-core related proceedings. In such cases the bankruptcy court's recommendations are submitted to the district court for *de novo* review and the entry of final judgment. 28 U.S.C. § 157(c)(1).

■ In view of this statutory scheme the bankruptcy court acted improperly when it dismissed the Proceeding. Because the bankruptcy court failed to determine whether the Proceeding was core or related the bankruptcy court's order of dismissal must be reversed and the case remanded to the bankruptcy court for further proceedings.

Upon remand, the bankruptcy court will be required to determine whether the Proceeding concerns a core or non-core matter pursuant to section 157(b)(3). If the Proceeding is determined to be a core proceeding the bankruptcy court may enter a final judgment or order. If the proceeding is determined to be a related proceeding, the court should issue a report and recommendation as to the proper disposition. That report will then be subject to de novo review by this Court.

On remand, the bankruptcy court should consider that, contrary to respondent's assertion that this is a breach of contract action based upon state law and thus a related proceeding, section 157(b)(3) states that "[a] determination that a proceeding is not a core proceeding shall *not* be made *solely* on the basis that this resolution may be affected by state law." 28 U.S.C. § 157(b)(3) (emphasis added). The breach of contract action in *Marathon* was determined to be "related," not because the claim relied upon state law, but rather because the action bore no relationship to the debtor's ability to reorganize and pay its creditors. On the other hand, turnover proceedings to bring into the estate accounts receivable and other matured debts payable on demand are crucial to achieving that objective. *See In re Lion Capital Group*, 46 B.R. 850, 860 (Bankr.S.D.N.Y. 1985).

This Court recognizes that there is a split in authority on whether an adversary proceeding for breach of contract is a core or

related proceeding. *See, e.g. In re Pied Piper Casuals, Inc.*, 65 B.R. 780, 781 (S.D. N.Y.1986) (action for breach of insurance contract by Chapter 7 debtor was non-core proceeding); *In re Harry C. Partridge, Jr. & Sons, Inc.*, 48 B.R. 1006, 1010 (S.D.N.Y. 1985) (adversary proceeding by subcontractor-debtor against general contractor for breach of contract was core proceeding); *In re Blue Point Carpet, Inc.*, 86 B.R. 327, 328 (Bankr.E.D.N.Y.1988) (action for breach of contract is not core proceeding); *In re Domestic Fuel Corp.*, 79 B.R. 184, 197 (Bankr.S.D.N.Y.1987) (adversary proceeding seeking to rescind stock purchase agreement was core proceeding); *In re Stein and Day Inc.*, 80 B.R. 297, 304 (Bankr.S.D.N.Y.1987) (action against bankrupt publisher for breach of publishing and royalties agreement is core matter); *In re First Hartford Corp.*, 63 B.R. 479, 481–82 (Bankr.S.D.N.Y.1986) (debtor's action for breach of warranty and contract was related proceeding); *Matter of Century Brass Prods., Inc.*, 58 B.R. 838 (Bankr.D.Conn. 1986) (debtor-in-possessions's claims against alleged prepetition accounts receivable obligors did not qualify as core proceedings); *In re Lion Capital Group*, 46 B.R. 850, 856 (Bankr.S.D.N.Y.1985) (proceeding to enforce contractual obligation of limited partners was core proceeding).

The Court stresses, however, that when determining whether the Proceeding is core or related the bankruptcy court should keep in mind that the "prime objective of the Bankruptcy Act remains the simple one of getting creditors paid." *Grayson–Robinson Stores, Inc. v. SEC*, 320 F.2d 940, 949 (2d Cir.1963). It is important that this is accomplished quickly by a specialized adjunct court since the bankruptcy petition operates as an automatic stay prohibiting creditors from pursuing their state law remedies. 11 U.S.C. § 362(a).

## CONCLUSION

The bankruptcy court's dismissal of Wefco's adversary proceeding for lack of subject matter jurisdiction is reversed. The case is remanded to the bankruptcy court for further proceedings in accordance with this opinion.

SO ORDERED.