**In re T.J. MADISON, Debtor.**

**Long Beach Acceptance Corp., Plaintiff,**

v.

**City of Chicago, Defendant.**

**Bankruptcy No. 99 B 21571. Adversary No. 99 A 01375.**

United States Bankruptcy Court, N.D. Illinois, Eastern Division.

June 27, 2000.

Esther E. Tryban Tesler, Assistant Corporation Counsel, Chicago, IL, for Plaintiff.

Kenneth B. Drost, Barrington, IL, for Defendant.

Erik A. Martin & Associates, Barrington, IL, for Debtor.

Tom Vaughn, Chapter 13 Trustee.

### MEMORANDUM OPINION

JACK B. SCHMETTERER,
Bankruptcy Judge.

The City of Chicago ("Defendant") has moved to dismiss the Adversary Complaint brought by Long Beach Acceptance Corp., ("Plaintiff") for lack of subject matter jurisdiction, under Fed. R. Bankr.P. 7012 and Fed.R.Civ.P. 12(b)(1), and for failure to state a claim upon which relief may be granted, under Fed.R.Civ.P. 12(b)(6). For reasons stated that motion will be denied.

### FACTUAL BACKGROUND

The following allegations are asserted in this Adversary Complaint.

On or around July 6, 1999, Defendant's Department of Streets and Sanitation towed a 1994 Cutlass Coupe ("the Vehicle") owned by Debtor T.J. Madison ("Debtor"), from the street outside Debtor's residence to its impound facility located at 4008 South Ashland, Chicago, Illinois. On or about July 9, 1999, Defendant's Department of Streets and Sanitation sent a notice to both Debtor and Plaintiff stating that it had impounded the Vehicle. The notice further specified that Debtor or Plaintiff had 15 days in which to reclaim the Vehicle, after which time the notice declared that Plaintiff would waive all rights to and interests in the Vehicle.

On July 9, 1999, Debtor filed a petition for bankruptcy relief under Chapter 13 of the United States Bankruptcy Code, Title 11 U.S.C. § 101 *et seq.* While failing to provide separate notice specifically to Defendant's Department of Streets and Sanitation, Debtor provided notice of the bankruptcy filing to Defendant's Parking Violations Bureau, to whom Debtor owed a debt for outstanding parking tickets.

Plaintiff held a security interest in the Vehicle at the time of its impounding, and this security interest was reflected on the Vehicle's Illinois certificate of title. At the time of Debtor's bankruptcy filing, Debtor acknowledged ownership of the Vehicle and Plaintiff's secured interest therein, as reflected in Debtor's Schedules D & F.

On September 9, 1999, Debtor filed an Amended Chapter 13 Plan wherein Debtor sought to surrender the Vehicle in satisfaction of the secured claim held by Plaintiff. Plaintiff alleges that it received no notice

of Debtor's filing of the Amended Plan. On September 30, 1999, this Court confirmed Debtor's Amended Chapter 13 plan without any objection to confirmation by the Plaintiff.

Plaintiff alleges that at some time before Debtor surrendered his interest in the Vehicle, Defendant disposed of the Vehicle. Thus, Plaintiff argues, Defendant was exercising control over the Vehicle at the time that the Vehicle remained property of the Debtor's bankruptcy estate, thereby constituting a violation of the automatic stay imposed under 11 U.S.C. § 362. Plaintiff further states that it was not authorized to take possession of the Vehicle from Defendants' Department of Streets and Sanitation, because such an action would have constituted a creditor's attempt to take possession of Debtor's estate property in violation of the automatic stay under § 362(a)(3). Plaintiff asserts that it has been damaged in the entire amount of its secured claim (the auto value at the time) by Defendant's actions. It seeks to recover damages from Defendant under § 362(h).

Defendant contends that this Court is without subject matter jurisdiction to decide this proceeding. Defendant also alleges that because neither Debtor or Plaintiff provided them with proper notice of Debtor's Chapter 13 filing, and because neither Debtor or Plaintiff acted in a timely fashion to retrieve the Vehicle after receiving notice that the Vehicle had been impounded, any rights which either party had in the Vehicle were waived after expiration of the 15 day period detailed in the notice. Further, Defendant disputes whether Plaintiff may, as a creditor, recover under § 362(h), and argues that the proceeding between itself and Plaintiff does not concern Debtor's bankruptcy estate. Therefore, Defendant contends that subject matter jurisdiction is lacking to authorize this proceeding, and also Plaintiff has failed to state a claim upon which relief may be granted. As a result, Plaintiff argues, the matter must be dismissed under Fed.R.Civ.P. 12(b)(1) and (6).

## APPLICABLE STANDARDS

For a defendant to prevail on a motion to dismiss under Fed.R.Civ.P. 12(b)(6), it must appear from the complaint that the plaintiff can prove no set of facts which could entitle it to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Further, in considering a defendant's motion to dismiss, the Court must assume the truth of all well-pleaded factual allegations and make all possible inferences in favor of plaintiffs. *Gorski v. Troy,* 929 F.2d 1183, 1186 (7th Cir.1991). In considering a motion to dismiss under 12(b)(6), the issue is not whether the plaintiff ultimately will prevail, but whether the plaintiff has pleaded a cause of action sufficient to entitle it to go forward with the complaint. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

Generally, federal notice pleading standards require only that the plaintiff give the defendant fair notice of its claims and the grounds for those claims. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 168, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517 (1993), *Conley,* 355 U.S. at 47, 78 S.Ct. 99. Rule 8(a) of the Federal Rules of Civil Procedure requires only that a complaint identify the basis for jurisdiction and contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). *See also Bartholet v. Reishauer A.G.,* 953 F.2d 1073, 1078 (7th Cir.1992).

A complaint must, however, allege facts sufficiently setting forth the essential elements of the cause of action. *Lucien v. Preiner,* 967 F.2d 1166, 1168 (7th Cir. 1992), *cert. denied,* 506 U.S. 893, 113 S.Ct. 267, 121 L.Ed.2d 196 (1992), *In re Handy Andy Home Improvement Ctrs., Inc.,* 1997 WL 268354 at *2 (Bankr.N.D.Ill.1997). Mere conclusory allegations unsupported by factual assertions will not withstand a

motion to dismiss. *Briscoe v. LaHue,* 663 F.2d 713 (7th Cir.1981), *aff'd,* 455 U.S. 1016, 102 S.Ct. 1708, 72 L.Ed.2d 132 (1983), *cert. denied sub nom. Talley v. Crosson,* 460 U.S. 1037, 103 S.Ct. 1426, 75 L.Ed.2d 787 (1983).

## DISCUSSION

### *Subject matter jurisdiction lies to adjudicate this proceeding.*

Because a lack of subject matter jurisdiction would preclude further consideration, we must first examine Defendant's jurisdictional challenge under Fed.R.Civ.P. 12(b)(1).

■ The United States bankruptcy courts derive their jurisdiction to hear and determine bankruptcy cases, matters and proceedings from the district courts. Subject matter jurisdiction cannot be waived by the parties and must be present to enable any merit adjudication.

■ Bankruptcy jurisdiction of the district courts is generally governed by 28 U.S.C. § 1334:

(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

\* \* \*

(e) The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of such case, and of the property of the estate.

28 U.S.C. § 1334.

While § 1334 sets forth jurisdiction of the district courts, 28 U.S.C. § 157(a) enables district courts to refer all such cases and proceedings "to the bankruptcy judges for the district." 28 U.S.C. § 157(a). Under 28 U.S.C. § 157(b)(1), "Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title." 28 U.S.C. § 157(b). Further, 28 U.S.C. § 157(c)(1) provides: "A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such a proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected." 28 U.S.C. § 157(c)(1).

■ An adversary proceeding is said to "arise under" Title 11 U.S.C. if it pleads a cause of action created or determined by the Bankruptcy Code. *In re Churchfield Mgmt. & Inv. Corp.,* 122 B.R. 76, 79–80 (Bankr.N.D.Ill.1990); *citing In re Wood,* 825 F.2d 90, 96 (5th Cir.1987); *See also Menk v. Lapaglia (In re Menk),* 241 B.R. 896, 904 (9th Cir. BAP 1999). Plaintiff sues here for damages resulting from an alleged willful violation of the automatic stay imposed in Debtor's bankruptcy case and asserts 11 U.S.C. § 362(h) as a statutory basis for its claim. Section 362(h) instructs that "[a]n individual injured by any willful and violation of a stay provided [by § 362] shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(h). While other statutes provide for contempt sanctions, no provisions outside of Title 11 provide a right for individuals injured by a violation of the automatic stay imposed on a debtor's estate to recover damages.

Plaintiff's asserted cause of action thus meets the requirements to be a civil proceeding arising under Title 11, and is a proceeding over which the district court has original, but not exclusive jurisdiction. 28 U.S.C. § 1334(b). Under 28 U.S.C. § 157, a district court may refer such matters to the bankruptcy courts. Pursuant to Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois, such matters have been referred to the bankruptcy courts of this District.

 The proper role of the bankruptcy court with regard to proceedings arising under Title 11 is further defined by the nature of proceeding, namely whether it is a core proceeding or non-core authority. While, under 28 U.S.C. § 157(a), a District Judge may refer any or all cases under Title 11 and any or all proceedings arising under Title 11 to the District's bankruptcy judges, those judges may make final determinations only in core proceedings arising under Title 11, or arising in a case under Title 11 referred under subsection (a) of § 157. 28 U.S.C. § 157(b)(1). The distinction between core and non-core proceedings does not affect authority to hear the matter, but does determine whether there is power to enter a final judgment affecting the outcome. *Glinka v. Dartmouth Banking Co., (In re Kelton Motors, Inc.)*, 121 B.R. 166, 181 (Bankr.D.Vt.1990) *citing In re Wefco, Inc.*, 97 B.R. 749, 19 Bankr.Ct. Dec. 423 (E.D.N.Y.1989).

It was held in *Barnett v. Stern*, 909 F.2d 973, 981 (7th Cir.1990) that a proceeding is "core" if it invokes a substantive right provided by Title 11.

While 28 U.S.C. § 157(b)(2) does not set forth a specific definition of "core proceeding," it provides a list of non-exclusive examples which, in large part, supports the definition set forth in *Barnett:*

(2) Core proceedings include, but are not limited to—

(A) matters concerning the administration of the estate;

* * *

(E) orders to turn over property of the estate;

* * *

(G) motions to terminate, annul, or modify the automatic stay;

* * *

(K) determinations of the validity, extent, or priority of liens;

* * *

(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor ... relationship, except personal injury or wrongful death claims.

28 U.S.C. § 157(b)(2).

While the proceeding here does not precisely fall into any of those enumerated categories of "core" proceedings under 28 U.S.C. § 157(b), a panel of the Seventh Circuit has recognized centrality of the provisions of § 362 to the bankruptcy code and has determined that actions under § 362(h) for willful violations of the automatic stay should be considered "core" proceedings. *Price v. Rochford*, 947 F.2d 829, 831 (7th Cir.1991). Further, 28 U.S.C. § 157(b)(2)(G) quoted above explicitly includes most other matters involving the automatic stay in the statute's list of examples of what constitutes a "core" proceeding.

This analysis is further supported by examination of the impact that violations of the automatic stay will have on matters which generally give rise to core proceedings—the administration of the bankruptcy estate and various debtor-creditor relationships. 28 U.S.C. §§ 157(b)(2)(A) and (O). For example, had Debtor herein not subsequently abandoned the interest in the Vehicle, this adversary proceeding would undeniably have been a core proceeding concerning administration of the Debtor's estate, within core jurisdiction. 28 U.S.C. § 157(b)(2)(A).

Bankruptcy jurisdiction of the district courts applies under 28 U.S.C. § 1334(e) to

"all of the property, wherever located, of the debtor as of the commencement of [a bankruptcy] case." That provision demonstrates an intent to give jurisdiction over all of a debtor's property held at time of the bankruptcy filing, even if exempt or subsequently removed from the estate. Core jurisdiction over such property is therefore not divested either by abandonment of the property from the estate or by surrender of the property to a secured creditor.

Even if the property involved may no longer be part of this Debtor's bankruptcy estate, a claim alleging willful violation of the automatic stay invokes the central protections and procedures of the bankruptcy process. This proceeding is therefore a core jurisdiction proceeding under 28 U.S.C. §§ 157 and 1334, and subject matter jurisdiction lies to hear, adjudicate, and enter final orders and judgment in this Adversary case.

### *Plaintiff stated a claim upon which relief may be granted.*

■ Plaintiff alleges that it is entitled to recover damages under § 362(h) against Defendant for the injury resulting from Defendant's willful violation of the automatic stay imposed on Debtor's bankruptcy estate under § 362. Section 362(h) allows an injured party to recover damages and obtain sanctions against a party who has committed a "willful violation of a stay provided by this section." 11 U.S.C. § 362. Plaintiff must therefore allege facts showing that it was injured, that injury resulted from violation of the automatic stay, and that actions constituting violation of the automatic stay were "willful."

■ To successfully plead a that the violation of the automatic stay was "willful," Plaintiff must allege both that Defendant had knowledge that there was an automatic stay imposed in the bankruptcy case and acted in some way to violate it. Plaintiff need not allege, however, that Defendant had the specific intent to violate the automatic stay. *Taborski v. United States of America, IRS*, 141 B.R. 959 (N.D.Ill.1992); *In re Sam Alberto*, 119 B.R. 985, 994 (N.D.Ill.1990), (whether a party believes in good faith that it had a right to the property in dispute is not relevant to whether the action was willful or whether compensation must be awarded). To allege "willful violation" for purposes of § 362(h) Plaintiff need merely allege that Defendant knew of the automatic stay and that Defendant's actions were intentional and Plaintiff need not plead or prove that Defendant intended through his action to violate the stay. *In re Boldman*, 157 B.R. 412, 414 (C.D.Ill. 1993).

■ Under 11 U.S.C. § 541(a)(1), Debtor's bankruptcy estate is comprised, except as provided in §§ 541(b) and (c)(2), of "all legal or equitable interests of the debtor in property as of the commencement of this case." 11 U.S.C. § 541(a)(1). Although the Debtor here did not have physical possession of the Vehicle when he filed in bankruptcy, he retained significant legal interests and rights in the Vehicle, and those interests became property of the estate formed under § 541(a)(1) by the bankruptcy filing,. Therefore, as property of the Debtor's bankruptcy estate, the Vehicle gained protections of the automatic stay created by § 362 upon filing of the bankruptcy.

■ The automatic stay created by § 362 upon filing of a bankruptcy petition protects assets of the Debtor's bankruptcy estate from attacks by creditors. While it principally protects debtors from collection efforts, it is also intended to protect interests of secured creditors of the estate. *In re Prairie Trunk Railway*, 112 B.R. 924, 928 (Bankr.N.D.Ill.1990). A report from legislative history of § 362(a)(1) states in pertinent part:

The automatic stay also provides creditor protection. Without it, certain creditors would be able to pursue their own remedies against the debtor's property. Those who acted first would obtain pay-

ment of the claims in preference to and to the detriment of other creditors. Bankruptcy is designed to provide an orderly liquidation procedure under which all creditors are treated equally. A race of diligence by creditors for the debtor's assets prevents that.

H.R.Rep. No. 595, 95th Cong. 1st Sess. 174–175 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 49–50 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. Consistent with purposes of the automatic stay, the redress § 362(h) provided to parties injured by willful violations of that stay extends to both debtors and creditors. *In re Prairie Trunk Railway*, 112 B.R. at 928; *Homer National Bank v. Namie*, 96 B.R. 652 (W.D.La.1989).

The timing of Debtor's surrender of his interests in the Vehicle is essential to Plaintiff's ability to claim damages under § 362(h). Had Defendant disposed of the Vehicle after Debtor had properly surrendered it from the estate, the Vehicle would not be subject to the automatic stay and no possible cause of action under § 362(h) could exist. While Plaintiff does not allege the exact date on which Defendant allegedly disposed of the Vehicle or the manner employed by Defendant to dispose of the Vehicle, it alleges that Defendant disposed of the Vehicle prior to Debtor's surrender of his interests in the Vehicle to Plaintiff. For purposes of the motion to dismiss, Plaintiff need only provide notice of its claim and the grounds for that claim and need not yet plead facts proving the date on which the Vehicle was disposed of. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. at 168, 113 S.Ct. 1160. Further, for purposes of Defendant's motion to dismiss, all well-pled factual allegations must be presumed to be true. *Roots Partnership v. Lands End, Inc.*, 965 F.2d 1411, 1416 (7th Cir.1992). Therefore, in regard to the present motion, the Vehicle must be presumed to have still been subject to protections of the automatic stay when Defendant disposed of it.

While there is some dispute between the parties as to whether or not Defendant had sufficient actual knowledge of Debtor's bankruptcy filing and therefore knew that the automatic stay applied, for purposes of this motion we need only examine whether Plaintiff has alleged that Defendant had sufficient notice. It did allege that Debtor properly provided notice of his bankruptcy filing to Defendant's Parking Violations Bureau. Defendant argues, that because Defendant's Department of Streets and Sanitation did not receive actual notice of the bankruptcy filing, that the City of Chicago could not be found to have willfully violated the automatic stay through actions of Defendant's Department of Streets and Sanitation in disposing of the Vehicle.

However, as earlier stated, for purposes of the present motion Plaintiff's well-pleaded factual allegations must be presumed to be true. Plaintiff alleges "On information and belief, Defendant City of Chicago was subsequently notified of the pendency of Debtor's Chapter 13 proceeding and, despite demand therefor, failed to turnover the vehicle to the Debtor's estate." Plaintiff's Adversary Complaint, ¶ 6. While Plaintiff will need to prove these allegations at trial, they are sufficient to allege that Defendant had notice of the bankruptcy and thereafter acted in a manner which amounts to a willful violation of the automatic stay, thereby causing injury to Plaintiff as a secured creditor.

 Irrespective of Debtor's subsequent surrendering of the vehicle from the bankruptcy estate, Plaintiff's allegations, which must at this stage be taken as true, support its claim that Defendant acted in violation of the automatic stay. They assert in effect that Defendant exercised control over the Vehicle when it was still property of the estate, an act in knowing violation of the automatic stay under § 362(a)(3). While Defendant's continued possession of the Vehicle after imposition of the automatic stay did not give rise to a claim under § 362(h), its alleged disposal of the Vehicle during a period in which the

automatic stay was in effect could give rise to such a claim. *Spears v. Ford Motor Co. (In re Spears)*, 223 B.R. 159, 166 (Bankr. N.D.Ill.1998). Further, because § 362(h) states that an individual injured by such a willful violation "shall recover actual damages," such recovery under the statute is mandatory and not discretionary. *Martino v. First National Bank of Harvey (In re Garofalo's Finer Foods, Inc.)*, 186 B.R. 414, 437 (N.D.Ill.1995). Therefore, it is doubtful that Plaintiff could be held to have waived its right to obtain damages from Defendant because of any inaction during the allotted 15 day period described in the City's notice. Indeed, it is well settled that damage actions under § 362(h) can survive even closing or dismissal of the underlying bankruptcy after which the bankruptcy estate would be dissolved. *Menk v. Lapaglia*, 241 B.R. 896, 906 (9th Cir. BAP 1999); *Price v. Rochford*, 947 F.2d 829, 830–831 & n. 1 (7th Cir.1991).

It may be inferred from Defendant's allegations of Plaintiff's unreasonable delay that it is attempting to assert some form of an affirmative defense of laches, though it did not do so explicitly. Although it is not clear whether Defendant plead sufficient facts to entitle it to such an affirmative defense, the possibility of an affirmative defense in no way warrants dismissal of Plaintiff's Adversary Complaint, and any such possible defense must be established at trial.

■ Defendant further contends that Plaintiff has failed to join all parties to the dispute. Defendant is likely referring to Plaintiff's failure to join Debtor in this Adversary proceeding. Rule 7019 Fed. R. Bankr.P. incorporates, with limited exception, Fed.R.Civ.P. 19(a) into Adversary proceedings. Fed. R. Bankr.P. 7019. Fed.R.Civ.P. 19(a) requires joinder of a party if "(1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence

may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party." Fed. R.Civ.P. 19(a).

■ However, here the Plaintiff's ability to obtain relief from Defendant in no way requires presence of the bankruptcy Debtor. Plaintiff holds an independent right under § 362(h) to recover from Defendant, completely irrespective of any present actions or inactions of the Debtor. Further, as stated above, Debtor's confirmed Chapter 13 plan prevents Plaintiff from seeking further recourse against Debtor to collect the debt unless and until the bankruptcy is dismissed.

Finally, any fear of the Debtor seeking liability from Defendants under § 362(h), thereby subjecting Defendant to undue multiple liability would seem to be unlikely. Because Debtor surrendered the Vehicle to Plaintiff in satisfaction of the full secured claim, Debtor could not have sustained any actual injury from Defendant's alleged violation of the automatic stay. Debtor would likely be unable to assert any possible § 362(h) claim against Defendant.

Plaintiff's injury has resulted in part from Debtor's failure either to reclaim the vehicle from the impound lot or seek turnover of the Vehicle pursuant to § 542, and also his alleged failure to give notice of the Bankruptcy filing specifically to Defendant's Department of Streets and Sanitation. But those omissions of Debtor did not cause the violation of the automatic stay. Plaintiff is bringing this adversary proceeding in its own right as an individual injured by a stay violation. In such cases courts have not required that the Debtor be joined. *See In re Chrysler First Financial Services, Midwest Partnership,*

1995 WL 453053 (N.D.Ill.1995). (Secured creditor sued tax sale purchasers who had purchased before the debtor therein filed a bankruptcy petition, but who attempted to obtain a tax deed after the bankruptcy filing, for damages resulting from the violation of the automatic stay under § 362(h), and did not need to join Debtor as a defendant.)

### *CONCLUSION*

For purposes of the present motion, Plaintiff has sufficiently pleaded that Defendant had knowledge of Debtor's bankruptcy filing, and therefore knew of the automatic stay when it disposed of the Vehicle. Plaintiff has sufficiently stated a claim upon which relief may be granted to defeat Defendant's present motion to dismiss.

Defendant City of Chicago's motion to dismiss Plaintiff's Adversary Complaint will be denied and an Answer will be ordered.