In re John White MAURER, Jr., Heidi Wahl Maurer, Debtors.

Michael D. Maurer, Jr., Andrew Maurer, and Amy Maurer, an incompetent by and through her next best friend and mother, Nancy Miller, Plaintiffs,

v.

John W. Maurer, Jr. and Heidi Maurer, Defendants.

Bankruptcy No. 00–11426–8W3. Adversary No. 00–696.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Jan. 2, 2002.

**208**

Ward A. Meythaler, Merkle & Magri, P.A., Tampa, FL, for plaintiffs.

Allen K. von Spiegelfeld, Fowler, White, Tampa, FL, for defendants.

Bernard J. Morse, Morse & Gomez, P.A., Tampa, FL, for debtors.

### Order Amending Final Judgment
### To Correct Omission

MICHAEL G. WILLIAMSON,
Bankruptcy Judge.

This adversary proceeding came on for consideration pursuant to Fed. R. Bankr.P. 9024 and 28 U.S.C. § 157(b)(3) upon the court's own motion to correct an omission in the judgment ("Judgment") (Doc. No. 37) entered by the court on November 6, 2001, based on the findings of fact and conclusions of law set forth in this court's memorandum decision of September 27, 2001 ("Memorandum Decision").[1] The Judgment does not contain the court's determination as to whether this adversary proceeding is a core proceeding under 28 U.S.C. § 157 or is a proceeding that is otherwise related to a case under title 11. For the reasons set out below, the court will amend the Judgment to set forth its determination that this is a core proceeding under 28 U.S.C. § 157(b)(2).

### Procedural Background

This adversary proceeding seeks similar relief to the relief sought by the plaintiffs ("Plaintiffs") in an action commenced in state court in 1995 against the debtors, John W. Maurer, Jr. and Heidi Maurer ("Debtors"). That action was stayed by the Debtors' bankruptcy filing.[2] The com-

---

1. *Maurer v. Maurer (In re Maurer),* 267 B.R. 639 (Bankr.M.D.Fla.2001).

2. The Debtors filed a petition under chapter 13 on July 21, 2000. Their schedules reflect debts with respect to two credit cards totaling $3,606.63, a bank that financed their camper owed $1,600, undetermined amounts owed to the Internal Revenue Service and secured claims with respect to an automobile and their home. Accordingly, it is clear that the only significant claim pending against them in this case is the claim held by the Plaintiffs which claim was listed in their schedules as a

plaint filed in this adversary proceeding contains several counts for relief: (1) a declaration that certain life insurance proceeds are the subject of an express trust, resulting trust, or constructive trust; (2) the imposition of an equitable lien on any assets acquired by the defendants from certain life insurance proceeds; and (3) a declaration that the Plaintiffs are the rightful beneficiaries under a life insurance policy.

It has been clear to the court and all parties to this adversary proceeding that before the court can deal with confirmation of the Debtors' plan, the amount owed to the Plaintiffs would need to be determined. In addition, the issue of whether and to what extent the amount owed to the Plaintiffs constitutes a lien on the Debtors' homestead would also have to be addressed. As a result, the hearing on confirmation of the Debtors' plan that was originally scheduled for January 29, 2001, was continued on three occasions due to the pendency of this adversary proceeding.

At the conclusion of the trial, the court found for the Plaintiffs on all counts of the complaint. Specifically, in the Memorandum Decision, the court concluded that— subject to a determination under Bankruptcy Code § 506 of the value of the Debtors' homestead on the date their chapter 13 case was filed—the Plaintiffs have a secured claim in this case to the extent of the equity in their home not to exceed the amount of $36,142 plus interest from October 10, 1995 ("Lien Amount"). The balance will constitute an unsecured claim in the Debtors' chapter 13 case.[3]

### Conclusions of Law

The issue of whether this adversary proceeding is a core proceeding[4] has not been actively contested by the Defendants. Throughout extensive litigation, numerous pleadings, court hearings, and four days of trial leading up to the entry of the Judgment, the only reference to the issue by either party has been: (1) by the Plaintiffs in their allegation at paragraph 2 of their complaint, "The Claims asserted herein are Core claims"; and (2) by the Defendants in their response to this allegation, "Denied."

Neither party has formally requested the court by "timely motion" made pursuant to 28 U.S.C. § 157(b)(3) to determine this issue. Nevertheless, section 157(b)(3) also provides that a bankruptcy judge may determine this issue "on the judge's own motion." Indeed, it was simply an oversight by the court in omitting from the Judgment the court's conclusion on this issue. Moreover, there can be little argument on the issue. In fact, none has been made in this case, save for the sparse reference in the pleadings.

Clearly, the essence of the relief sought in the various counts contained in

---

disputed unsecured claim in an "undetermined" amount.

3. In addition to the imposition of an equitable lien, the Judgment requires the sale of the Debtors' home and the distribution of the Lien Amount to the Plaintiffs from the proceeds of the sale. However, since this adversary proceeding arises in the context of a chapter 13 case, the court concluded that it is appropriate to afford the Debtors the opportunity to deal with the Lien Amount under their chapter 13 plan. As set out in the Memorandum Decision, if they are successful in confirming a plan that provides for payment of the Lien Amount consistent with the provisions of chapter 13, then the court will not require the home to be sold in payment of the Lien Amount. If they are not successful in confirming such a plan, however, then the court will enforce the equitable lien consistent with Florida law.

4. The determination of whether this adversary proceeding is a core proceeding is itself a core proceeding under 28 U.S.C. § 157(b)(3).

the complaint is the determination of the validity and extent of an equitable lien. "[D]eterminations of the validity, extent, or priority of liens" is specifically referenced as a core matter under 28 U.S.C. § 157(b)(2)(K). Furthermore, determinations of whether property of a bankruptcy estate [5] is held in trust have been uniformly held to be core matters. See, e.g., *In re Johnson*, 960 F.2d 396, 400 (4th Cir.1992)("*Johnson*").[6] As stated by the court in *Johnson*:

> Clearly, the only proper forum for determining whether assets held by a debtor are held in constructive trust is the bankruptcy court, and such proceedings must be considered core proceedings. A determination of the proper beneficiaries of that trust is inextricably tied to the finding of a constructive trust. Distribution of the trust to the proper beneficiaries necessarily is predicated upon a determination of who those beneficiaries are. The finding of a constructive trust by the bankruptcy court and a determination of the proper distribution of that trust are intimately tied to

the traditional bankruptcy functions and estate, and, therefore, are core matters within the clear jurisdiction of the bankruptcy court.[7]

In addition to this proceeding being a core proceeding under section 157(b)(2)(K),[8] this proceeding is also a core proceeding under section 157(b)(2)(B)[9] since it determines the amount of the Plaintiffs' claim that is secured by property that would otherwise be exempt. It is also a core proceeding under section 157(b)(2)(L)[10] since it determines that such claim may be dealt with under the Debtors' plan and is core under section 157(b)(2)(O)[11] since it affects the liquidation of the assets of the estate in that it provides for sale of the homestead if the Debtors are unable to confirm a chapter 13 plan providing for payment of the Plaintiffs' secured claim.

The court, therefore, deems it appropriate pursuant to Fed. R. Bankr.P. 9024, which incorporates by reference Fed. R.Civ.P. 60,[12] to correct what amounts to a clerical mistake in the Final Judgment.

---

5. In this case, the property in question is the Debtors' home that has been claimed as exempt under article X, section 4 of the Florida Constitution. The Plaintiffs timely filed an objection to this claim of exemption (Doc. No. 13). Since this is a chapter 13 case, consistent with the court's standard procedures in such instances, the court entered an order reserving ruling on the objection to claim of the homestead as exempt. Accordingly, the Debtors' home remains property of the estate.

6. (*Citing In re Morris*, 55 B.R. 615, 616–17 (Bkrtcy.N.D.Tex.1985); *Hauytin v. Grynberg*, 52 B.R. 657, 661 (Bankr.D.Colo.1985); *In re Fresh Approach, Inc.*, 51 B.R. 412, 417–18 (Bankr.N.D.Tex.1985); *In re Richmond Children's Center Inc.*, 49 B.R. 262, 264–68 (S.D.N.Y.1985) *rev'd on other grounds Yonkers Bd. of Educ. v. Richmond Children's Center, Inc.*, 58 B.R. 980 (S.D.N.Y.1986)).

7. *Id.* at 402.

8. 28 U.S.C. § 157(b)(2)(K) provides, in pertinent part, that core proceedings include determinations of the validity and extent of liens.

9. 28 U.S.C. § 157(b)(2)(B) provides, in pertinent part, that core proceedings include the allowance of claims against the estate or exemptions from property of the estate for purposes of confirming a plan under chapter 13.

10. 28 U.S.C. § 157(b)(2)(L) provides that core proceedings include confirmation of plans.

11. 28 U.S.C. § 157(b)(2)(O) provides, in pertinent part, that core proceedings include proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor relationship.

12. As discussed in 12 *Moore's Federal Practice*, § 60.11[2][a] (Matthew Bender 3d ed.2001), clerical mistakes correctable under

The court is prompted to correct the Final Judgment due to a concern raised by a split of authority as to whether the absence of an explicit core finding under section 157(b)(3) deprives the bankruptcy court of jurisdiction even where the parties fail to make a timely request under section 157(b)(3) for a determination whether a proceeding is a core proceeding.[13]

Accordingly, for the foregoing reasons, it is

ORDERED:

1. An amended judgment will be entered containing the following omitted finding:

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(1). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(B), (K), (L), and (O).

2. Counsel for the Plaintiffs shall prepare and furnish to the court a form of final judgment containing the same language as set forth in the Judgment togeth-

---

Rule 60(a) are "not limited to errors of commission, in which the court's intention on a matter is misstated or stated ambiguously." Rule 60(a) specifically references mistakes arising from "omission." The rule allows courts to modify their judgment in order to insure that the record reflects the actual intentions of the court. *In the Matter of West Texas Marketing Corporation*, 12 F.3d 497, 504 (5th Cir.1994). As stated in *West Texas Marketing*, "The court's responsibility in this case is to correct 'errors, created by mistake, oversight, or omission, that cause the record or judgment to fail to reflect what was intended at the time of trial.'" *Id. citing Warner*, 526 F.2d at 1212; *Robi v. Five Platters, Inc.*, 918 F.2d 1439, 1445 (9th Cir.1990) ("[a] district court judge may properly invoke Rule 60(a) to make a judgment reflect the actual intentions and necessary implications of the court's decision"). It is clear in this case that this court considered this to be a core proceeding and dealt with it in all respects as a core proceeding to include entry of a final judgment rather than preparation of proposed findings for the district court to review *de novo* as contemplated by 28 U.S.C. § 157(c)(1).

**13.** For cases discussing this split of authority, *see, e.g., In re Johnson*, 960 F.2d 396, 400 (4th Cir.1992) and *Gravel and Shea v. Vermont National Bank*, 162 B.R. 961, 964 (D.Vt. 1993). Both cases cite the district court case of *In re Marill Alarm Systems Inc.*, 81 B.R. 119, 122 (S.D.Fla.1987) *aff'd sub nom. Marill Alarm Sys. v. Equity Funding*, 861 F.2d 725 (11th Cir.1988) for the proposition that if a bankruptcy judge enters a final judgment without making determination under § 157(b)(3), it must be invalidated and the

failure of the parties to request the finding does not waive their right to later object that the finding was a necessary predicate to jurisdiction. *See also In re Wefco*, 97 B.R. 749, 750–51 (E.D.N.Y.1989) (failure to determine whether matter is core or non-core is not harmless error); *In re Nell*, 71 B.R. 305, 310 (D.Utah 1987) (same). The *Marill* case was affirmed by the Eleventh Circuit Court of Appeals without opinion and therefore is not binding precedent. *See 11th Cir. R. 36–1; U.S. Steel, LLC v. Tieco, Inc.*, 261 F.3d 1275, 1281 n. 3 (11th Cir.2001) (an affirmance without an opinion under 11th Cir. R. 36–1 has no precedential value); *Virginia Properties, Inc. v. Home Insurance Co.*, 74 F.3d 1131, 1132 n. 2 (11th Cir.1996)(same); *In re Shunnarah*, 268 B.R. 657, 661 (Bankr.M.D.Fla.2001) (a bankruptcy court, as a unit of the district courts, is not bound by a previous decision of a district court even in the same district relating to the same issue when that court is in a multi-judge district since that district court decision would not be binding in that district as a whole). Indeed, there is substantial authority to the contrary holding that a party's failure to request a section 157(b)(3) finding waives any objection to the lack of such finding. *See, e.g., In re Johnson, supra at* 400; *Gravel and Shea v. Vermont National Bank, supra at* 964; *In re Rath Packing Co.*, 75 B.R. 137, 138 (N.D.Iowa 1987), *aff'd sub nom. Rath Packing Co. v. United Food*, 860 F.2d 1086 (8th Cir.1988); *Rainey v. International Harvester Credit Corp.*, 59 B.R. 987, 989–90 (N.D.Ill.1986). The leading bankruptcy treatises appear to support this latter view. 1 *Collier on Bankruptcy* ¶ 3.02[6][b] at 3–47 (15th ed.2001); 1 *Norton Bankruptcy Law and Practice* § 4:26 at 4–171–72 (2d ed.2001).

er with the additional language referenced above.