In re John W. HOWARD, Debtor.

Carlota M. Bohm, (Trustee for the Bankruptcy Estate of John W. Howard), Plaintiff,

v.

Victoria M. Howard, Defendant.

Bankruptcy No. 08–22224JAD.
Adversary No. 09–02127JAD.

United States Bankruptcy Court, W.D. Pennsylvania.

May 14, 2010.

Carlota M. Bohm, Carlota M. Bohm, Mary-Jo Rebelo, Houston Harbaugh, P.C., Pittsburgh, PA, for Plaintiff.

Avrum Levicoff, Levicoff Silko & Deemer PC, Pittsburgh, PA, for Defendant.

### MEMORANDUM and ORDER of COURT

JEFFERY A. DELLER, Bankruptcy Judge.

The matter before the Court is the *Post–Trial Motion for Reconsideration* (the "Motion") filed by the defendant, Victoria M. Howard (the "Defendant"). This matter is a core proceeding over which the Court has proper subject matter jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(2)(A), (E) and (O).

Through the Motion, the Defendant alleges this Court committed an error of law by finding the chapter 7 trustee ("Trustee") has standing to assert a claim for damages resulting from the Defendant's willful violation of the automatic stay. Specifically, at the April 9, 2010 trial on damages with respect to the Defendant's willful violation of the automatic stay, this Court denied the Defendant's motion in limine and concluded that the Trustee does have standing to seek damages, both compensatory and punitive, as a result of the Defendant's actions. In this regard, the Court held as follows:

> OK. I am going to deny the motion in limine. . . . I think the Third Circuit Court of Appeals in the case of *Atlantic Business And Community Corporation,* 901 F.2d 325 (3d Cir.1990), is binding on this Court. There the Third Circuit had a broad interpretation of the term "individual" . . . in the provision of 362 that is a precursor to what is, I guess, 362(k) today . . . [I]n that case, I would note it was a chapter 11 trustee for a corporate debtor that brought the motion to enforce the automatic stay. And in that case the Third Circuit held that the . . . corporate entity in which the trustee was bringing the action was an individu-

al. And so, given that broad interpretation, I'm concluding that the trustee in fact has standing under what is now 362(k), in order to seek the damages that are at issue. Even absent ... *Atlantic Business And Community Corporation,* I do think § 105(a) of the Bankruptcy Code does authorize the Court to issue any order or process necessary to effectuate the Bankruptcy Code. And the cases cited by the trustee are certainly persuasive in that ... § 105(a) ... also afford[s] the trustee with the ability to present evidence and to prosecute a claim for damages. So, for those reasons I am going to deny the motion in limine.

Audio Recording of Hearing Held in Courtroom D, April 9, 2010 (10:06–10:08 AM).

▮ In its Motion, the Defendant has not really articulated how the Court's interpretation of the *Atlantic Business* case is incorrect. In *Atlantic Business,* the Third Circuit Court of Appeals reviewed whether a district court's affirmance of a bankruptcy court's award of damages under 11 U.S.C. § 362(h) was proper. At that time, Section 362(h) of the Bankruptcy Code provided that "[a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." *Atlantic Business,* 901 F.2d at 328 (quoting 11 U.S.C. § 362(h)(1988)). Pursuant to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, the Bankruptcy Code was amended and former Section 362(h) has been re-codified in its entirety at 11 U.S.C. § 362(k)(1). Because current Section 362(k)(1) mirrors former Section 362(h), *Atlantic Business* remains the law of the Third Circuit with respect to who (or what) constitutes an "individual" for purposes of entitlement to statutory damages resulting from a willful stay violation. In addition, because Congress surely was aware of the Third Circuit's decision in *Atlantic Business* and in 2005 failed to revise the language of the statute in light of existing case law, the Court does not see how the recent revisions to the Bankruptcy Code operate as a statutory *vacatur* of the Third Circuit's holding in *Atlantic Business.*

In light of the language of Section 362(k)(1), the Defendant nonetheless argues that the Trustee is not an "individual" permitted to assert a claim for damages as a result of the Defendant's willful violation of the automatic stay. The Court disagrees.

As an initial matter, the Court notes that the term "individual" is not expressly defined anywhere in the Bankruptcy Code. Therefore, the plain language of the Bankruptcy Code does not explicitly resolve the precise issue that is before the Court.[1]

With this in mind, the Court is not persuaded by the Defendant's arguments for a number of reasons. One such reason is that Section 321 of the Bankruptcy Code plainly states that only an "individual" or a "corporation" may serve as a bankruptcy

---

1. Various dictionary definitions of the word "individual" are not helpful. For example, in *Webster's New Collegiate Dictionary,* the term "individual" has been defined as either an "articular being or thing," a "particular person," or a "distinct entity." *See Webster's New Collegiate Dictionary* at 586 (G & C. Merriam Co.1975). *Black's Law Dictionary* states that "[a]s a noun, this term denotes a single person ..., and also very commonly, a private or natural person as distinguished from a partnership, corporation, or association." *Black's Law Dictionary* 773 (6th ed.1990). *Black's,* however, further states that "this restrictive signification is not necessarily inherent in the word, and that it may, in proper cases, include artificial persons." *Id.*

338

trustee. *See* 11 U.S.C. § 321(a). Ms. Böhm, who is the duly appointed Trustee in this case, certainly is not a corporation. Rather, to state the obvious, it is undisputed that she is a natural born person and is an "individual" under the Defendant's own interpretation of the term "individual."

It is accurate that the Trustee has filed the instant adversary proceeding in her representative capacity. Even if this fact is relevant to the calculus, it would not change the Court's conclusion that the Trustee is an "individual" covered by 11 U.S.C. § 362(k).

The Court reaches this decision because, as set forth above, the United States Court of Appeals for the Third Circuit has adopted a broad definition of the term "individual" for purposes of the automatic stay provisions of the Bankruptcy Code. *See Atlantic Business, supra,* at 329. In this regard, the Third Circuit Court of Appeals has observed that the definition of the word "individual" for purposes of Section 362 has been "held applicable to a corporate debtor." *Id.* (citing *Budget Service Co. v. Better Homes of Va.,* 804 F.2d 289, 292 (4th Cir.1986)); *contra In re Dyer,* 322 F.3d 1178, 1189–90 (9th Cir.2003)(trustee is not an "individual") and *Maritime Asbestosis Legal Clinic v. LTV Steel Co., Inc. (In re Chateaugay Corp.),* 920 F.2d 183, 184–87 (2d Cir.1990)(corporate debtor is not an "individual").

In fact, in *Atlantic Business,* the party who successfully obtained money damages against the defendant for a willful violation of the automatic stay was the bankruptcy trustee. *Id.* at 326–27. It therefore appears that within the Third Circuit bankruptcy trustees do have standing to seek damages for a creditor's willful violation of the automatic stay.

The Court also notes that affording a bankruptcy trustee with standing to enforce the stay and seek damages for any willful violation of it, is consistent with the role that bankruptcy trustee's have with respect to our system of bankruptcy.

It is a mistake to assume that trustees are mere disbursing agents with no powers to commence suit. Bankruptcy trustees have the power to sue and be sued; and they are charged with the duty of collecting property of the estate and are accountable for the same. *See e.g.* 11 U.S.C. §§ 323, 541, 542, 549 and 704. What can be gleaned by a complete reading of the Bankruptcy Code is that a bankruptcy trustee is a fiduciary of the bankruptcy estate as a whole.

■ With the Trustee serving as a representative of the entire bankruptcy estate, it is axiomatic that she have standing to pursue claims for willful violation of the automatic stay because the automatic stay is one of the most fundamental bankruptcy protections. While it principally protects debtors from collection efforts, the automatic stay is also intended to protect property of the estate and the collective interests of creditors. *See e.g. Long Beach Acceptance Corp. v. City of Chicago (In re Madison),* 249 B.R. 751, 758 (Bankr.N.D.Ill.2000)(citing H.R. REP. No. 595, 95th Cong. 1st Sess. 174–175 (1977); S. REP. No. 989, 95th Cong., 2d Sess. 49–50 (1978), U.S.C.C.A.N. 5787 (1978)).

By this adversary proceeding, the Trustee is merely attempting to protect her constituency as provided for by the Bankruptcy Code. The Court sees no reason why the Trustee should be precluded from invoking the protections of Section 362 of the Bankruptcy Code when she is a representative of the very parties-in-interest that the statute is designed to protect. *See Morris v. St. Joseph Medical Ctr. (In re Fisher),* Nos. 93–12224, 95–5055, 96–1165–JTM, 1996 WL 695401, at *5 (D.Kan.

Nov. 27, 1996) ("The clear purpose of § 362(h) is to discourage willful violations of the automatic stay ... it makes little sense to distinguish between individual creditors, permitting them to recover, while prohibiting creditors as a class from recovering damages through their representative, the trustee.").

In fact, several courts have found that chapter 7 trustees do have standing to recover damages on behalf of a bankruptcy estate. *Moser v. Mullican (In re Mullican)*, 417 B.R. 389, 404 (Bankr.E.D.Tex. 2008), aff'd, 417 B.R. 408 (E.D.Tex.2009) (holding a chapter 7 trustee, representing the estate of an individual, has standing to bring an action for willful violation of the automatic stay); In re *Walker*, 356 B.R. 834, 854 (Bankr.S.D.Fla.2006) (citing *In re Lickman*, 301 B.R. 739 (Bankr.M.D.Fla. 2003)) (holding a chapter 7 trustee, as the individual responsible for protection of the estate, has standing to seek damages for a violation of the automatic stay); and *Martino v. First Nat'l Bank (In re Garofalo's Finer Foods)*, 186 B.R. 414, 439 (N.D.Ill. 1995) (holding trustee is an "individual" for purposes of § 362(h)).

Preventing a bankruptcy trustee from having standing to enforce the automatic stay produces an absurd result demonstrably at odds with the purpose of Section 362 of the Bankruptcy Code. To avoid such an absurd result, the Court interprets the relevant statute in a manner consistent with the statute's purpose and congres-sional intent. *U.S. v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 ("The plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intention of its drafters.' ")(quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982)); *United States v. Am. Trucking Ass'ns*, 310 U.S. 534, 543, 60 S.Ct. 1059, 84 L.Ed. 1345 (1940). That is, this Court concludes that the Trustee does have standing to prosecute a motion and/or complaint for damages pursuant to 11 U.S.C. § 362(k) because it seems unlikely that Congress intended to exclude bankruptcy trustees from the protections afforded by Section 362 of the Bankruptcy Code. *Budget Service Co.*, 804 F.2d at 292;[2] *In re Tel–A–Communications Consultants, Inc.*, 50 B.R. 250, 254 (Bankr. D.Conn.1985).

Even if this Court was to conclude that Section 362(k)(1) of the Bankruptcy Code does not afford the Trustee with a statutory right of action, those courts that have precluded a statutory right of action under Section 362 recognize that a plaintiff injured by a willful violation of the automatic stay may obtain damages by invoking the court's equitable powers. *See e.g.*, *In re Chateaugay Corp.*, 920 F.2d at 187; *see also* 11 U.S.C. § 105(a); *cf. In re Joubert*, 411 F.3d 452, 455 (3d Cir.2005) (in a case challenging mortgagee's assessment

---

2. In *Budget Service Co.*, the Fourth Circuit Court of Appeals wrote:
 ... We agree with the reasoning of the bankruptcy court in *In re Tel–A–Communications Consultants*, 50 B.R. 250 (Bkrtcy. Conn.1985)[sic] that § 362(h) must be read in conjunction with the rest of § 362 and that its sanctions are not limited to the relief of an "individual" in the literal sense. The Bankruptcy Code does not define the word individual. We agree that it seems unlikely that Congress meant to give a remedy only to individual debtors against those who willfully violate the automatic stay provisions of the Code as opposed to debtors which are corporations or other like entities. Such a narrow construction of the term would defeat much of the purpose of the section, and we construe the word "individual" to include a corporate debtor.
*Budget Service Co.*, 804 F.2d at 292.

of post-petition, pre-confirmation attorneys' fees, the court held that complaining party had no private right of action pursuant to 11 U.S.C. § 506(b) and that plaintiff's "lone remedy is a contempt proceeding pursuant to § 105(a) in bankruptcy court."). The Court therefore sees no basis upon which the Trustee can be deemed to lack standing to prosecute this adversary proceeding.

For the foregoing reasons, the *Post–Trial Motion for Reconsideration* is **DENIED.**